## CITY COUNCIL OF AUGUSTA *et al. v.* CLARK & COMPANY.

1. When a city charter authorizes a municipality. to require by ordinance a license tax of persons engaged in any occupation, trade, or business carried on within the corporate limits of the city, the municipal authorities may by ordinance classify the different occupations for taxation, and impose different taxes in different amounts upon the different classes; and a classification made by such authorities will not be interfered with by the courts, unless it manifestly appears that the classification is unreasonable and arbitrary.
2. The classification of persons lending money upon personal property or personal security in a different class from chartered banks, negotiators of loans on realty, real estate agents, and dealers in bonds and stocks, and the imposition of a tax differing in amount upon such money lenders from that imposed upon such other classes, is not so wanting in reason that the ordinance providing for such classification will be declared void as being entirely arbitrary.                                    •
3. In the absence of express charter power the authorities of a municipality have no authority to impose a penalty upon one charging usury.
4. A tax ordinance imposing a license tax on money lenders, and providing that the license shall be void whenever the usury laws of the State shall be violated, is invalid so far as the forfeiture is concerned, but valid as to the tax upon the business.
5. A tax ordinance fixing the amount of tax to be levied upon an occupation, and requiring the person engaged in this occupation to give a

bond in conformity with an act of the General Assembly, is not void as to the tax, even though that part of the ordinance requiring the bond may be invalid.

Argued October 10,—Decided November 13, 1905.

Injunction. Before Judge Hammond. Richmond superior court. June 24, 1905.

Clark & Company filed a petition for injunction against the City Council of Augusta and the sheriff of the city, containing substantially the following allegations: On December 22, 1904, the City Council of Augusta adopted an ordinance, levying taxes for the support of the government of the city for the year 1905, and in the ordinance a license or business tax of $350 was imposed upon a certain class of persons, to which plaintiffs belonged, such class being described in the ordinance as follows:

"Money lender. A money lender as contemplated by this ordinance is one who carries on the business of lending his own or other people's money, and not as a stock and bond broker, pawnbroker, chartered bank, negotiator of loans on realty, real estate agent or firm of such agents, or dealers in bonds and stocks as herein provided; but who carries on the business of lending money on personal security or personal property, other than stocks and bonds, shall also be deemed a money lender—$350.00. Provided this license is issued by the city and accepted by the licensee with distinct understanding and agreement that whenever the licensee in the conduct of his business shall violate the usury laws of Georgia, this license shall be thereby forfeited, and from the date of such violation it shall not be lawful for such licensee to do further business under this license, and must file a bond in conformity with State law.

"Money lender, agent or agency for collection of claims, or carrying on business in the city, whether office located in the city or not, subject to foregoing provisions:—$350.00."

It is alleged that that portion of the ordinance just quoted is void, first, because it discriminates against money lenders of the class to which plaintiffs belong, in favor of negotiators of loans on realty, who are really money lenders under another name, the license upon the latter being only $50, and that this discrimination is in violation of that provision of the constitution of the State which declares that all taxes shall be uniform upon the same class of citizens; second, the ordinance provides that the license shall be

forfeited when one holding the same shall violate the usury laws of the State, the provision for forfeiture being void for the reason that the State statutes on the subject of usury are exhaustive in reference to penalties and forfeitures; third, the ordinance requires the applicant for the license to file a bond in conformity with the State law, and the State law referred to, being the act of August 15, 1904 (Acts 1904, p. 79), is violative of the constitution of the State of Georgia, the provisions which it violates being those which declare that protection to person and property is the paramount duty of the government, and that no person shall be deprived of life, liberty, or property without due process of law; and that citizens of the United States residents of this State shall be declared citizens of this State, and it shall be the duty of the General Assembly to pass such laws as will protect them in the full enjoyment of their rights, privileges, and immunities of citizenship; and that laws of a general nature shall have uniform operation throughout the State, and no special law shall be passed in any case for which provision has been made by general law; and that the right of the people to be secure in their houses and persons against unreasonable searches and seizures shall not be violated, and that the act also violates that provision of the fourteenth amendment of the constitution of the United States which declares that no State shall deprive any person of life, liberty, or property without due process of law, or deny to any person within its jurisdiction the equal protection of the laws. It is alleged that the City Council of Augusta and the city sheriff, attempting to enforce the provisions of the State law and the ordinance against plaintiffs, have caused execution to be issued which has been levied upon the property of the plaintiffs; and that the sheriff will proceed to sell the same unless steps are taken to stop the sale. It is alleged that the plaintiffs were engaged in the business of lending money in the City of Augusta when the ordinance was passed. The prayers of the petition are, for injunction to restrain defendants from proceeding further with the execution, for general relief, and for process. To this petition the defendants filed a demurrer and an answer. The answer admitted the allegations so far as they related to the existence of the ordinance, but denied that the ordinance was in any way in violation of either the constitution of Georgia or the constitution of the United States. It was alleged in the answer that the plaintiffs had not paid the

license in accordance with the ordinance, and that they had never in any way complied with the statute referred to, and that they had never filed the bond required by the ordinance nor in any way complied with the statute referred to in the petition. It was alleged that plaintiffs were engaged in a gross violation of the usury laws of the State, the percentage which they charged being four and five hundred per cent. per year. The case was heard by the judge on the petition, demurrer, and answer; and an injunction was granted as prayed for in the petition. To this ruling the defendants excepted.

The ordinance also levied a tax on the persons engaged in the following businesses: Banks (excepting such as are exempt by law) capital stock not exceeding $100,000, $50, exceeding $100,000 paid capital, $100; stock and bond broker, $75; negotiator of loans on realty only, $50; pawnbroker, $350; real estate agent, $25; private banks, $350.

*C. Henry Cohen, William H. Barrett,* and *William H. Fleming,* for plaintiff in error, cited *Ga. R.* 42/596; 50/530; 53/414; 60/599; 69/583; 97/114; 114/426, 462; 109/80; 87/120; 43/421; 18/586; 45 S. E. 122; 112 Cal. 412; 113 U. S. 30, 187; 177 U. S. 187; 180 Pa. St. 47; 77 Am. St. R. 681; 21 Am. & Eng. Enc. L. 784 et seq.; 2 Cool. Tax. 1126-7, 1147-9.

*Austin Branch, Louis Brooks,* and *Joseph H. Hall,* contra. License for regulation, and for revenue: 50 *Ga.* 537; Cool. Tax. 1136. Strict construction: 21 Am. & Eng. Enc. L. 783. Unreasonable classification: 21 A. & E. 803 et seq.; 75 Fed. 983; 77 Am. St. R. 765; 55 N. E. 627; 24 Am. St. R. 137; 82 N. W. 760; 38 L. R. A. 677; *Ga. R.* 42/600; 49/195; 50/530; 52/269; 53/414; 60/599; 69/583; 84/686; 89/642; 109/78; 120/192; 121/723. Ordinance void as unreasonable and prohibitory: 21 A. & E. Enc. 738, 778-80; 72 Am. Dec. 89; 52 Am. St. R. 301; 48 Am. St. R. 227; 2 L. R. A. 792; 28 Am. R. 642; 13 Am. St. R. 468; Cool. Tax. 15, 1102; 13 Fed. 233; 39 Kans. 324; 102 Cal. 159; 68 Ill. 372; 111 U. S. 762; 18 S. E. 345; 59 Md. 330, 30 L. R. A. 32; 27 N. W. 647; 87 N. W. 739; 18 *Ga.* 589; 90 *Ga.* 500; 30 L. R. A. 432. Revocation of license: 87 *Ga.* 123; 89 *Ga.* 625; 116 *Ga.* 547; 50 *Ga.* 387; McQuil. Mun. Ord. 170. Penalty for usury: *Ga. R.* 36/460; 54/645; 69/505; 78/683; 9 L. R. A. 69; Cool. Tax. 1099; McQuil. Mun. Ord. §295; 21 A. & E. Enc. 785,

993-5. Act of 1904 invalid: Civil Code, §§ 5722, 5732, 5699, 5700, 5713; *Ga. R.* 111/162; 118/58; 115/453; 120/928; 107/622; 112/765; 8 Cyc. 872; 50 L. R. A. 413.

COBB, P. J. The charter of the City of Augusta authorizes the city council to pass an ordinance requiring any person, firm, or corporation to pay a license tax upon any occupation, trade, or business carried on within the corporate limits of the city, provided that the occupation, trade, or business is not one already taxed exclusively by the State. Acts, 1896, p. 119. Under this power the city council is authorized to determine what occupations shall be made the subject of taxation. The charter does not require that the same tax shall be imposed upon every occupation. But the constitution requires that taxation shall be uniform upon the same class of subjects. All property within the territory of a taxing power shall be taxed, and none shall be exempted except that which the constitution in terms authorizes the legislature to exempt. The constitution, however, does not require all occupations to be made the subject of taxation. Some may be taxed, and some may be left free from taxation, according to the discretion of the taxing authority. But when a given class are subjected to an occupation tax, all of that class must pay the same tax. Civil Code, § 5883. It will thus be seen that the constitution recognizes the propriety of classifying subjects for taxation other than property, and leaves the matter of classification to the determination of the taxing power, whether it be the General Assembly or one of the subordinate public corporations created by it. The classification of occupations for taxation must not be purely arbitrary, but must be founded upon some valid and sufficient reason. Whether there is a reason for the classification is a question primarily entrusted to the judgment of the taxing power, but is subject to be reviewed by the courts; and whenever the classification is shown to be unreasonable and arbitrary, the courts will interfere, and prevent injustice from resulting from such a classification. It will be seen from the ordinance that a tax of $350 is levied upon money lenders of the class to which plaintiffs belong, as well as upon pawnbrokers and private banks. So far as the amount of the tax is concerned, these three occupations are placed in the same class. Chartered banks and other classes of money lenders are taxed in lesser and different amounts varying from $25 to $200.

There is no contention that the tax is excessive in amount, and therefore the decision in *Morton* v. *Macon,* 111 *Ga.* 162, is not pertinent to any of the questions raised in the present case. The question is whether money lenders of the class to which the plaintiffs belong are essentially of the same class as chartered banks, negotiators of loans, real estate agents, and lenders upon stocks and bonds. Taxes are imposed upon all these classes, but in different amounts. They are each separate and distinct occupations varying from each other in their nature as to the details of the business carried on; and simply because they all might be classified in the one general class of lenders of money is no reason why these different occupations might not be arranged in different classes for the purpose of taxation, and a different amount of tax placed upon each. If the classification is not subject to the criticism of being arbitrary and without foundation in any sound reason, the fact that a different amount of tax is levied upon the different classes is wholly immaterial where no question is made as to the tax upon a particular class being excessive in amount. It is within the power of a city council, under charter authority of the character possessed by the City Council of Augusta, to make one general class of all persons engaged in the business of lending money; and it is also in their power to subdivide this general class into further classes, so long as the subdivision is not wholly arbitrary and unreasonable. The subdivision of the general class of money lenders as set forth in the ordinance does not seem to be wholly without reason; and as the right to classify exists, and the right to determine the amount to be placed upon each class is reposed in the city council, we do not think the ordinance is subject to the criticism made upon it in the petition.

3, 4. It is contended that that portion of the ordinance levying a tax upon money lenders is rendered void by reason of the provision therein that a violation of the usury laws shall work a forfeiture of the license. The effect of this provision in the ordinance is to impose a penalty for usury. It purports to work a revocation of the license of one engaged in the business of lending money; and if the city has authority to require a license to engage in this class of business, the forfeiture of this license is nothing more or less than a penalty for charging usury. The language of the ordinance indicates that this was the purpose and intent of this enactment. The

laws of this State regulate the rate of interest to be charged, and provide what penalty shall be imposed for the exaction of usury. These laws are exhaustive upon this subject, unless there is something in the charter of the city expressly authorizing it to deal with the subject of a penalty for usury. It is not claimed that there is in the charter any such authority. The ordinance, so far as it purports to impose a penalty upon money lenders for usury, is absolutely void for want of authority in the city to enact that provision. But we do not think this provision in the ordinance vitiates the whole ordinance upon the subject of taxation upon money lenders. The purpose of the ordinance was primarily for the raising of revenue, and not the punishment of usury, and that part of the ordinance which attempts to punish the usurer is such an insignificant part of the ordinance as a whole, and even of the particular provision, that it may be eliminated therefrom without affecting the validity of what remains. Whether any part of a law can be upheld when one part of it is invalid depends upon whether the invalid part is so connected with the scheme of the law that it is to be presumed that the lawmaking power would not have passed the law without its inclusion therein. Of course no one will contend that the passage of the ordinance for the purpose of levying taxes for the support of the city government was so dependent upon the provision imposing a penalty for usury upon money lenders that without it the ordinance would not have been passed. See, in this connection, *Mattox* v. *State,* 115 *Ga.* 212.

5. It is contended that the ordinance so far as it relates to money lenders is invalid for the further reason that the ordinance requires the money lender to file a bond in conformity with the State law, the State law being the act of 1904 (Acts 1904; p. 79.), providing for the regulation of the business of lending money on household goods, wages, etc. It is said that this act is unconstitutional, for various reasons set forth in the petition, and, the act being unconstitutional, as the ordinance requires a compliance with the act, the ordinance is void for requiring something to be done which the city council had no right to require. It is unnecessary in this case to pass upon the constitutionality of the act. If it is constitutional, then the plaintiffs, so far as the character of the business regulated by the act is concerned, would be compelled to give the bond therein required, whether there was anything in the ordinance of the City

of Augusta upon the subject or not.  The ordinance of the City of Augusta embraces a larger class of money lenders than those whose business is regulated by the act.  But the ordinance embraces all of those who are embraced within the act.  A money. lender engaged in such a business in the City of Augusta as would make him liable to the tax would therefore be subject to the regulations of the State law, and the ordinance simply requires that which, if the act is constitutional, the law requires.  But suppose the act is unconstitutional, then in order to obtain a license from the City of Augusta they would not be required to give a bond, because they could not be required to give a bond under an unconstitutional law. The city council had a right to impose a tax upon the class of persons to which the plaintiffs belonged, and the tax as imposed is not subject to any of the objections made by them.  They are therefore subject to the payment of this tax.  They have not paid the tax required of them.  When they have paid or tendered this tax, and a license is refused them on the ground that they have not given the bond required by the ordinance, they can then raise the question whether the act referred to in the ordinance is not unconstitutional. The question as to the constitutionality of the act of 1904 is therefore prematurely made.  It may be that the city will not require the bond to be given.  If it does, then the plaintiffs may with propriety invoke a decision of the court as to the validity of that law. If that part of the ordinance requiring the bond to be given is invalid, its invalidity would not void the whole ordinance, for the reasons given in a preceding portion of this opinion, and until they have complied with that part of the ordinance which is unquestionably valid, they will not be heard to question the constitutionality of the act of the General Assembly that is made a part of the ordinance by reference to the same.

*Judgment reversed.    All the Justices concur.*