THE CITY OF EMPORIA V. D. ENDELMAN.

No. 15,268 (89 Pac. 685.)

SYLLABUS BY THE COURT.

MUNICIPAL CORPORATIONS—*Occupation Tax.* A city ordinance imposing an occupation tax of $100 for each six months or part thereof upon persons engaged in the business of selling fire-sale, auction-sale, damaged or bankrupt stocks of goods upheld.

Appeal from Lyon district court; FREDERICK A. MECKEL, judge. Opinion filed March 9, 1907. Affirmed.

*J. Harvey Frith,* for appellee.

*W. S. Kretsinger,* and *Moorehouse & Crowley,* for appellant.

The opinion of the court was delivered by

BURCH, J.: The defendant was convicted of violating an ordinance of the city of Emporia, which reads as follows:

"Every person, partnership or corporation engaging in the business of selling goods, wares or merchandise known as or advertised to be goods, wares or merchandise bought at fire sales or auction sales, or damaged goods or bankrupt stock, or advertised in any way for the purpose of inducing customers to believe that they will be sold for a price not exceeding the actual cost of production, shall, before entering upon such business, pay an occupation tax of one hundred dollars for each six months or part thereof."

The case was tried on an agreed statement of facts, which reads as follows:

"(1) That the said defendant, David Endelman, is temporarily located in the city of Emporia for the purpose of transacting business as a merchant; that his home is in Dayton, Ohio.

"(2) That on the 24th day of September, 1906, this defendant, David Endelman, offered for sale in the city of Emporia a stock of merchandise which he had pre-

viously advertised as fire-sale stock and damaged stock, and advertised that said goods would be sold at retail regardless of cost, and that sale would begin on the 26th day of September, 1906, and would end on the 29th day of September, 1906.

"(3) That prior to offering said goods for sale this defendant, David Endelman, went to the mayor of said city and offered to pay a license tax of five dollars per day for the four days that he wished to transact business in said city and that said offer was refused, said mayor demanding of the said defendant, Endelman, one hundred dollars for the privilege of selling said goods in accordance with the terms of section 5 of an ordinance of said city entitled 'An ordinance levying a license tax upon certain occupations therein named carried on in the city of Emporia and prescribing penalties for its violation,' approved October 7, 1891; that said defendant, Endelman, stated to the mayor that he intended to transact business as a merchant in the city of Emporia for only four days; and the said defendant, Endelman, did intend to remain in the city for the period of only four days; that this defendant did refuse to pay said license tax of one hundred dollars and never has paid the same, but he did, and his employees, to wit, C. H. Moon and F. Becker, defendants herein, did sell said goods without either of them having paid said license tax.

"(4) That on the 20th day of September, 1906, the said city enacted a certain ordinance, which hereby is made a part of this stipulation, said ordinance being entitled 'An ordinance levying a license tax upon certain occupations therein named when carried on by persons, partnerships or corporations merely temporarily resident in the city of Emporia and prescribing penalties for its violation.' Said ordinance is made a part of this stipulation by reference.

"(5) That said Endelman and C. H. Moon and F. Becker were prosecuted under said ordinance approved in 1891, and referred to in the third statement of fact herein, and under said ordinance only.

"(6) That as a matter of fact said Endelman did sell goods for the period of only four days, and thereupon left the city.

"(7) That the value of said goods carried by the said Endelman was of about the sum of fifteen hundred dollars, and that said defendant's expenses in

getting said goods here ready for sale amounted to about two hundred dollars.

"(8) That Mr. Endelman would testify if on the stand that the net profits of his said business in the city of Emporia amounted to about ten dollars per day.

"(9) That said Endelman went voluntarily to the county clerk of Lyon county, Kansas, and offered and listed his property for taxation."

Section 1 of the ordinance of 1906 referred to in the fourth paragraph of the agreed statement reads as follows:

"Every person, partnership or corporation who are merely temporarily resident in the city of Emporia, engaging in the business of selling goods, wares or merchandise, known as or advertised to be goods, wares or merchandise bought at fire sales or auction sales or damaged stock or bankrupt stock, or advertised in any way for the purpose of inducing customers to believe that they will be sold at a price not exceeding their actual cost of production, and where such business is not permanently located in the city of Emporia, or who are only temporarily located in the city of Emporia, in addition to the occupation tax of one hundred dollars for each six months or part thereof prescribed by section 5 of a certain ordinance of said city entitled 'An ordinance levying a license tax upon certain occupations therein named carried on in the city of Emporia and prescribing penalties for its violation,' approved October 7, 1891, shall pay an occupation tax of twenty-five dollars per day; twenty-five dollars to be paid before commencing business and twenty-five dollars per day before ten o'clock on each day after the first day that such business shall be continued."

It is claimed the second ordinance repeals the first. Manifestly this is not true. The first ordinance prescribes an occupation tax of $100 for six months, or any part thereof, upon all persons engaged in the business described. The second ordinance adds $25 per day for those who are transients. By the very terms of the second ordinance a purpose not to supersede the first is expressed. The defendant not having been

prosecuted under the second ordinance, the court has no authority to investigate its validity.

It is claimed the ordinance does not fix a tax upon an occupation, but upon a method of advertising. The occupation licensed in this case is not known by a fixed and settled name. Therefore it was necessary to dedescribe it by reference to the character of merchandise dealt in. The same difficulty arose with reference to the merchandise itself. Therefore the ordinance identifies it by the way it is known and by the way it is brought to the attention of the public. The tax is laid upon persons conducting the business of selling such goods.

It is further urged that the ordinance discriminates against merchants who advertise their goods as firesale, auction-sale, damaged or bankrupt stocks and in favor of merchants selling the same goods without such advertisement. It is well known that there is a distinct business of the character described in the ordinance, just as there is a well-defined occupation of keeping a "pawn-shop" or "second-hand store." More often than otherwise an essential feature of the business is the advertising of superior goods procured at a bargain to be sold at a bargain when the goods are in fact of a cheap and inferior quality and are to be sold at as much or more than they are worth. There are other characteristics of the business which place it in a class by itself, both as a subject of regulation and as a source of revenue, and since the tax falls equally upon all who engage in it the ordinance is not discriminatory.

Finally it is said the ordinance is unreasonable, unjust, prohibitive and in restraint of trade. The principles of law governing an inquiry into the reasonableness of ordinances of this kind have been declared so many times that it is not necessary to rehearse them here. Some of them were applied in the case of *Lebanon v. Zanditon, ante,* p. 273.

The agreed facts showing the net result of the defendant's venture on this single occasion are not sufficient to prove the ordinance unreasonable. There is no evidence relating to the value of the privileges conferred upon the defendant, and there is no showing as to the necessities of the city of Emporia. The city authorities are presumed to have acted wisely and justly, and this court has nothing before it upon which to declare that they have not done so. (*In re Chipchase, Petitioner*, 56 Kan. 357, 43 Pac. 264.)

The judgment of the district court is affirmed.