## GRIFFITH *v.* STATE OF CONNECTICUT.

ERROR TO THE SUPREME COURT OF ERRORS OF THE STATE OF CONNECTICUT.

No. 514. Motion to dismiss or affirm. Submitted November 28, 1910.— Decided December 12, 1910.

Fixing maximum rates of interest on money loaned within the State by persons subject to its jurisdiction is clearly within the police power of the State, and the details are within legislative discretion if not unreasonably and arbitrarily exercised.

Classification, on a reasonable basis of subjects, within the police power,

is within legislative discretion and a reasonable selection which is not merely arbitrary and without real difference does not deny equal protection of the laws within the meaning of the Fourteenth Amendment.

The statute of Connecticut of 1907, limiting interest on loans, is not unconstitutional as denying equal protection of the laws because it excepts loans made by national and state banks and trust companies and *bona fide* mortgages, on real and personal property: the classification is a reasonable one.

The contract clause of the Federal Constitution does not give validity to contracts that are properly prohibited by statute.

If the validity of the particular subject of classification assailed has not been so foreclosed by prior decisions as to render discussion frivolous the motion to dismiss will be denied, but if, as in this case, it is manifest that the contention is, in view of prior decisions, without merit, the motion to affirm will prevail.

83 Connecticut, 1, affirmed.

UPON a prosecution originating in the Police Court of the city of Hartford, in Hartford County, Connecticut, the plaintiff in error was tried and convicted in the Superior Court of the county upon an information alleging, in six counts, the commission of offenses against chapter 238 of the Public Acts of Connecticut of 1907. The offenses charged were the exacting on certain loans of money a rate of interest greater than fifteen per cent per annum, contrary to the provisions of the first section of the act, and in accepting notes for an amount greater than that actually loaned with intent to evade the provisions of said first section, contrary to the provisions of the second section of the act. During the course of the trial the accused, in various forms, assailed the validity of the statute referred to because of repugnancy to the contract clause of the Constitution of the United States and to the equal protection clause of the Fourteenth Amendment. From a judgment imposing a fine as to the conviction upon each count an appeal was taken to the Supreme Court of Errors. The judgment of the Superior Court was affirmed (83 Connecticut, 1), and the case was then brought here.

Since the filing of the record the State of Connecticut has moved that the writ of error be dismissed, or, in the alternative, that the judgment be affirmed.

*Mr. I. Henry Harris,* in opposition to motion to dismiss or affirm, for plaintiff in error:

The statute cannot be upheld upon the ground of public interest. It is not a police regulation; there is no care imposed or restriction in the loan of money by the favored few—simply an arbitrary, unreasonable limitation upon all except those privileged under the statute. Conceding that reasonable and necessary classification is not offensive to the Constitution a palpably arbitrary selection cannot be justified by calling it classification. *Atchison, T. & S. F. R. Co.* v. *Matthews,* 174 U. S. 96; *Cotting* v. *Goddard,* 183 U. S. 79; *Connolly* v. *Union Sewer Pipe Co.,* 184 U. S. 539.

None of the cases cited for the defendant in error is in point.

While the regulation of interest charges is undoubtedly the proper subject of state legislation, this statute is not a regulation of interest charges. It is in effect a special statute permitting only certain favored individuals or corporations to do an act or conduct a business. There is no fair reason for the law that would not require with equal force its extension to others it leaves untouched. *Missouri, Kansas & Texas Ry. Co.* v. *May,* 194 U. S. 269.

Legislation of the kind here in question is a violation of the Fourteenth Amendment. *Cotter* v. *Kansas City Stock Yard Co.,* 183 U. S. 79. The writ is not obviously frivolous or plainly unsubstantial. It is not devoid of merit. A careful analysis of the previous cases is necessary before it can be determined that the plaintiff in error must fail here and the motion to dismiss should be denied.

*Mr. Hugh M. Alcorn,* in support of motion to dismiss or affirm, for defendant in error:

For the first prosecution under this act see *State* v.

*Hurlburt,* 82 Connecticut, 232, and for opinion in this case see 83 Connecticut, 1.

· The act has already been twice construed. The writ of error does not present a substantial Federal question which is now open to discussion. It appears from the face of the record that the determination by the state court is so plainly right as not to require further argument. *Fay.* v. *Crozier,* 217 U. S. 455; *Kidd, Dater Co.* v. *Musselman Co.,* 217 U. S. 461; *Standard Oil Co.* v. *Tennessee,* 217 U. S. 413; *Hannis Distilling Co.* v. *Baltimore,* 216 U. S. 285; *Williams* v. *First National Bank,* 216 U. S. 582; *Barrington* v. *Missouri,* 205 U. S. 483; *Kaufman & Sons Co.* v. *Smith,* 216 U. S. 610; *Ornstine* v. *Cary,* 204 U. S. 669; *Thomas* v. *Iowa,* 209 U. S. 258.

The regulation of interest charges has been universally recognized as a proper subject of state legislation, and the question of the constitutionality of this kindred legislation has invariably been held by this court to be within the exclusive province of the state courts. *Missouri, Kansas & Texas Trust Co.* v. *Krumseig,* 172 U. S. 355, 359, and cases cited.

The enactment of this statute is clearly within the police power of the State, and the validity of such legislation is to be determined solely by the state court. *Watson* v. *Maryland,* 218 U. S. 173; *Franklin* v. *South Carolina,* 218 U. S. 161; *Southwestern Oil Co.* v. *Texas,* 217 U. S. 114; *Welch* v. *Swasey,* 214 U. S. 91; *Muller* v. *Oregon,* 208 U. S. 412.

There is nothing in the legislation complained of which offends § 10, Art. I, of the Constitution of the United States. *Bishop's Fund* v. *Rider,* 13 Connecticut, 93, 94; *State* v. *Griffith,* 83 Connecticut, 3.

The contracts in this case were prohibited by the act of 1907. Therefore no legal obligation exists, and the case does not come within the purview of this clause of the Constitution. *Dartmouth College* v. *Woodward,* 4 Wheat.

639; *Hunt* v. *Hunt*, 131 U. S. 165; *Stone* v. *Mississippi*, 101 U. S. 814.

That the statute does not violate the Fourteenth Amendment has been repeatedly decided by this court. *District of Columbia* v. *Brooke*, 214 U. S. 150; *Barbier* v. *Connolly*, 113 U. S. 31; *Atchison, Topeka &c. R. R. Co.* v. *Matthews*, 174 U. S. 96; *Cotting* v. *Kansas City Stock Yard Co.*, 183 U. S. 79; *Tracy* v. *Ginzberg*, 205 U. S. 178; *Louisville & Nashville R. R. Co.* v. *Melton*, 218 U. S. 36.

The power to regulate interest charges has been exercised by every civilized nation, ancient or modern, whose laws survive in history, and this power has so long been recognized as a constitutional exercise of legislative authority, and has been so uniformly sustained by the courts upon grounds of public policy that it is now too late to ask this court to consider it an open question. *Dunham* v. *Gould*, 16 Johns. (N. Y.) 367.

In view of the repeated decisions of this court upholding the right of the States under the Federal Constitution to make and enforce laws of this character, the writ of error has no merit in it.

MR. JUSTICE WHITE, after making the foregoing statement, delivered the opinion of the court.

The motion to dismiss or affirm is in effect based upon the claim that the assignments of error present no substantial Federal question. As the contentions urged required for their elucidation a consideration of the provisions of the statute charged to have been violated, we excerpt the first and second sections of the act. They are as follows:

"SEC. 1.. No person, firm, or corporation, or any agent thereof, other than a national bank or a bank or trust company duly incorporated under the laws of this State, or a pawnbroker as provided in chapter 235 of the Public Acts

of 1905, shall directly or indirectly loan money to any person and directly or indirectly charge, demand, accept or make an agreement to receive therefor interest at a greater rate than fifteen per centum per annum. The provisions of this section shall not apply to loans made to any national bank or any bank or trust company duly incorporated under the laws of this State or to any *bona fide* mortgage of real or personal property.

"SEC. 2. No person, firm, or corporation, with intent to evade section one hereof, shall accept a note for a greater amount than that actually loaned."

The claim that the statute operates to deny the equal protection of the laws is based upon the provision exempting from the operation of the terms of § 1 "any national bank or any bank or trust company duly incorporated under the laws of this State" and "any *bona fide* mortgage of real or personal property." The contentions elaborated in the assignments of error find succinct expression in the following proposition set out in the brief filed in opposition to the motion to dismiss:

"It is claimed by the plaintiff in error that the statute in question is an arbitrary, unjust and unreasonable selection, favoring a class, is detrimental to the public, stifles competition and that no good reason exists for the granting of the privilege of loaning money at any rate of interest without taking a mortgage on real or personal property to the favored class to the exclusion of all others.

　*　　*　　*　　*　　*　　*　　*　　*

"It is not a police regulation; there is no care imposed or restriction in the loan of money by the favored few— simply an arbitrary, unreasonable limitation upon all except those privileged under the statute.

　*　　*　　*　　*　　*　　*　　*　　*

"The regulation of interest charges is undoubtedly the proper subject of State legislation, but in the first place this statute is not a regulation of interest charges. It is

in effect a special statute permitting only certain favored individuals or corporations to do an act or conduct a business.

*     *     *     *     *     *     *     *

"There is 'no fair reason for the law that would not require with equal force its extension to others it leaves untouched.' "

It is elementary that the subject of the maximum amount to be charged by persons or corporations subject to the jurisdiction of a State for the use of money loaned within the jurisdiction of the State is one within the police power of such State. The power to regulate existing, the details of the legislation and the exceptions proper to be made rest primarily within the discretion of the state legislature, and "unless such regulations are so unreasonable and extravagant as to interfere with property and personal rights of citizens, unnecessarily and arbitrarily, they are within the power of the State; and the classification of the subjects of such legislation, so long as such classification has a reasonable basis, and is not merely arbitrary selection without real difference between the subjects included and those omitted from the law, does not deny to the citizen the equal protection of the laws." *Watson* v. *Maryland, ante,* p. 173, and cases cited. In the case at bar the Supreme Court of Errors ruled that the statute was not repugnant to the Fourteenth Amendment, following a prior ruling to that effect made in *State* v. *Hurlburt,* 82 Connecticut, 232.

In the *Hurlburt case,* discussing contentions similar to those here urged against the validity of the Connecticut statute of 1907, based upon the exemption clause in question, the court said:

"The exception from its operation of loans by national banks was merely a recognition of the legal effect, in excluding state legislation on the same subject, of the statutes of the United States which regulate their right to

make such contracts. The further exception in favor of loans by trust companies chartered by this State was fully justified by the peculiar character of these institutions, each created by a special act of legislation, and subject to the inspection of the bank commissioners. Gen. St. 1902, cc. 199, 202. There was also reasonable cause for the exception as to pawnbrokers. Their business can only be carried on by those found by public authority to be suitable persons to engage in it, and its character is such as to make it not improper to allow a charge of interest beyond the limit of 15 per cent a year. Pub. Acts 1905, p. 438, c. 235. There was also sufficient reason for restricting the statute so that it should not apply to loans made to any bank or to any trust company chartered by this State. Such institutions, managed by those accustomed to financial operations and familiar with the worth of money in the market from day to day, might well be deemed to require no statutory protection against being forced by their financial necessities to pay excessive interest for moneys borrowed. Nor is the act invalidated by the exception of mortgages.

"Publicity is one of the best safeguards against the making of unconscionable contracts. Under our recording system, it is rare that any bona fide mortgage, either of real or personal property, fails to be promptly spread upon the records of the town in which is situated the property which is its subject. So far as concerns chattel mortgages, also, our General Statutes of 1902 (sections 4132, 4134) had already made other and reasonable provision as to the rate of interest which might be charged, or which, in case of foreclosure, could be allowed. The general assembly, in respect to the matter of usury, had the right to deal with different classes of money lenders or money borrowers in a different way, provided there were nothing apparently unreasonable in creating such distinctions, and all the members of each class were treated

in the same manner. *Heath & Milligan Co.* v. *Worst*, 207 U. S. 338, 354; *Home Telephone Co.* v. *Los Angeles*, 211 U. S. 265, 281. The enactment of the statute now in question fell within this right. *Norwich Gas & Electric Co.* v. *Norwich*, 76 Connecticut, 565, 573."

In the argument on behalf of the plaintiff in error no attempt is made to meet the force of the foregoing statements of the court below; and, clearly, in the light of such declarations, it is impossible to conclude otherwise than that the classification complained of has a reasonable basis, and that the exemption of national banks, etc., was not a mere arbitrary selection.

In the argument for plaintiff in error no reference is made to the claim urged below of the protection of the contract clause of the Constitution. The claim appears to have had reference to a provision contained in § 5 of the act of 1907, forbidding the enforcement of contracts made in violation of the act, thereby operating to deny validity to such contracts when made by those not within the exempted classes. There was power to enact the provision (*Missouri, Kansas &c. Trust Co.* v. *Krumseig,* 172 U. S. 351, 358–9), and, as said by the court below, the contract clause of the Constitution of the United States "does not give validity to contracts which are properly prohibited by statute."

The Supreme Court of Errors of Connecticut did not err in its judgment of affirmance. As, however, the particular classification here assailed has not been the subject of express consideration in any prior decision of this court, and hence the power to make it cannot be said to have been so explicitly foreclosed as to cause contention on the subject to be obviously frivolous, the motion to dismiss cannot prevail. *Louisville & N. R. R. Co.* v. *Melton, ante,* p. 36. It is, however, manifest from the analysis which has been made of prior decisions that applying the principles settled by the cases which have

gone before, the contentions now advanced against the correctness of the judgment are so wholly without merit as not to require further argument. The motion to affirm must therefore prevail.

*Affirmed.*