[No. 8295.]

## CAVANAUGH V. THE PEOPLE.

1. CONSTITUTIONAL LAW—*Title of Acts.* Whatever is clearly germane to the purpose of a bill, as expressed in the title, is within the title. The title being ''An Act to regulate the business of loaning money on security,'' by specified persons, a provision regulating the rate of interest to be charged by such persons was sustained. (294.)

2. —— *Special Legislation.* A statute is not local or special when it is general and uniform in its operation upon all in like situation, even though the number of such persons may be very few. (294.)

3. —— *Class Legislation.* A statute regulating the business of lending money on security, may properly except from its provisions those already subject to public supervision and control, e. g., National Banks, State Banks, or those who lend without security, or at less than a specified rate of interest. (294.)

4. —— *Legislative Discretion—Police Power.* The law-making power has a wide discretion in prescribing regulations for the conduct of business.

The courts should be slow to denounce as unconstitutional a law passed in the exercise of the police power; and in no case, unless the unconstitutionality is beyond reasonable doubt. (295.)

5. —— *License.* Statute requiring those lending money on pledge of personality to secure a license, sustained. (296.)

6. —— *Who May Question Statute,* on the ground of discrimination against a particular class; only those included within such class. (294.)

*Error to Denver District Court.* Hon. CHAS C. BUTLER, Judge.

*En Banc.*

Mr. CLAY B. WHITFORD, Mr. HENRY E. MAY, Mr. GREELEY W. WHITFORD and Mr. HUBERT L. SHATTUCK, for plaintiff in error.

Hon. FRED FARRAR, Attorney General, Mr. FRANCIS E. BOUCK, Deputy Attorney General, and Mr. NORTON MONTGOMERY, Assistant Attorney General, for The People.

Opinion by Mr. Justice TELLER.

The plaintiff in error was convicted of violating the

provision of chapter 108, Laws of 1913, by engaging in the business of loaning money, on security, at a rate of interest greater than twelve per cent per annum, without having obtained a license therefor, as provided by said act. His counsel allege that the act is unconstitutional on several grounds: (1) because of a defect in its title; (2) because it is special and class legislation; and (3) because the license provisions are unreasonable.

The title of the act is:

"To regulate the business of loaning money on security of any kind by persons, firms, and corporations other than National Banks, or any banks or bankers operating under state charters or under state supervision, or building and loan associations."

It is objected that the title does not mention the regulation of rates of interest, which counsel assert, is the primary object of the act.

We cannot agree with counsel that the purpose of the act is primarily to regulate interest charges. It covers six pages in the session laws, and provides a system for the obtaining of licenses, the giving of bonds by licensees, the keeping of registers of loans, the making of annual statements to the State Bank Commissioner, for an investigation by him of licensees on complaint made, and for his general supervision of the said business; all clearly a part of a system to regulate the business named in the title.

This court has said:

"That which is appropriate or relevant to the subject of a bill as expressed by its title, or is a necessary incident to the object of a bill, as thus expressed, is germane." *People v. Erbaugh*, 42 Colo. 490, 94 Pac. 352.

If it is clearly germane to the subject it is within the title. *Lamar Canal Co. v. Amity Land and Irr. Co.*, 26 Colo. 370, 58 Pac. 600, 77 Am. St. 261. We have held that a provision authorizng County Commissioners to fix water rates

would be good under a title of "an act to regulate the use of water for irrigation." *Golden Canal Co. v. Bright,* 8 Colo. 144, 6 Pac. 142.

It would seem clear, therefore, that the title of this act "to regulate the business of loaning money" would cover a provision concerning interest on money loaned. We are of the opinion that the title fully meets the requirements of section 21 of article V of the Constitution.

Counsel say that the act regulates the rate of interest "and it must be *special,* because it is not general."

This indicates a misapprehension of the meaning of "special" as applied to laws. "A law is not local or special when it is general and uniform in its operation upon all in like situation." *People v. Earl,* 42 Colo. 238-264, 94 Pac. 294, 302; *People v. Cooper,* 83 Ill. 585.

The number of persons upon whom the law shall have any direct effect may be very few, by reason of the subject to which it relates, but it is sufficient to make it a general law if it operates upon all who are brought within the relations for which it provides. *People v. Wright,* 70 Ill. 398; *Walker v. Potter,* 18 Ohio, 85.

This statute is general and uniform as to all in like situation; and binds all within the state.

It is, therefore, not special legislation in form. In substance it applies to a class of persons which may be large in number and carrying on the specified business in all parts of the state. Unless, then, the classification is unreasonable, the law is valid, and any violation of it is subject to punishment.

It is also objected that the law discriminates against one class of borrowers and favors another class. This objection, however, need not be considered since the plaintiff in error is not in the class alleged to be injured, and cannot, therefore, be heard to question the constitutionality of the act on that ground. *Newman v. People,* 23 Colo. 300-311,

47 Pac. 278; *Southern Ry. Co. v. King,* 217 U. S. 524-534, 54 L. Ed. 868, 30 Sup. Ct. 594.

"In all criminal prosecutions the accused, to entitle him to raise the question of the constitutionality of a statute, must show that his rights are affected by it, and when that is done he will be allowed to question only such provisions of the statute as apply to his own rights as distinguished from other rights." Cyc. 789.

It is said, further, that the law is unjust and unreasonable because it exempts national banks, state banks, trust companies, building and loan associations and title and guarantee associations, and does not apply to those who loan money at 12 per cent or less, or who loan without security.

The exceptions, however, appear to be reasonable, inasmuch as they cover only money lenders who are already subject to governmental supervision and control. Such exceptions have been held reasonable by the Supreme Court of the United States. *Griffith v. Connecticut,* 218 U. S. 563, 54 L. Ed. 1151, 31 Sup. Ct. 132.

Nor is there anything unreasonable in excepting those who loan without security, or at 12 per cent or less. The law was intended to correct abuses in the loaning of money by a class who loan at more than 12 per cent and on security.

It is common knowledge that there is a large business carried on in loaning small sums at a high rate of interest secured on personal property. It is equally well known that there are grave abuses in the business, that borrowers are treated with great harshness, and often deprived of their property by a process which is little less than robbery.

The legislature evidently recognized the evils of the system and deemed it necessary to correct them. The classification is not unreasonable nor arbitrary, and unless it is so the courts cannot declare it unconstitutional. *Con-*

*sumers League v. C. & S. Ry. Co.,* 53 Colo. 54-59, 125 Pac. 577, Ann. Cas. 1914A, 1158.

The law-making power has a wide discretion in prescribing regulations for the conduct of business, and the constitutionality of the act is presumed. *Barrett v. Indiana,* 229 U. S. 26, 57 L. Ed. 1050, 33 Sup. Ct. 692. Courts should be slow to hold that a law passed in the exercise of the police power is unconstitutional; *Noble State Bank v. Haskell,* 219 U. S. 104, 55 L. Ed. 112, 31 Sup. Ct. 186, 32 L. R. A. (N. S.) 1062, Ann. Cas. 1912A, 487; and in no case should it be done unless its unconstitutionality appears beyond a reasonable doubt. *Ind. Ditch Co. v. Agri. Ditch Co.* 22 Colo. 513-528, 45 Pac. 444, 55 Am. St. 149.

Legislation of a like character has been upheld by the courts of last resort as both reasonable and appropriate. In *State v. Cary,* 126 Wis. 135, 105 N. W. 792, 11 L. R. A. (N. S.) 174, the court speaking of the class of loans on pledge of personal property, said:

"The making of such contracts and insuring performance by pledge of personal property so readily and generally results in inflicting injuries on the borrower through unreasonable exactions that they are held injurious to the community and as much against public policy as the unreasonable charges of interest. This injurious consequence affords a sufficient ground for the regulation by law, and is as proper for the protection of the borrower, as a limitation of the rate of interest. We are of the opinion that legislation restricting the inflicting of such oppressive and unjust exactions is justifiable as a reasonable and appropriate exercise of the police power."

The requirements of a license from persons loaning money on personal property has been held to be a valid exercise of the police power; *City Council of Augusta v. Clark & Co.,* 124 Ga. 254, 52 S. E. 881; *Norris v. City of Lincoln,* 93 Neb. 658, 142 N. W. 114, Ann. Cas. 1914B, 1194; *Dewey*

*v. Richardson*, 206 Mass. 430, 92 N. E. 708; and, as it is evident that the evils sought to be corrected co-exist with a high interest charge, the limitation of the requirements to those who make a high charge cannot be regarded as weakening the effect of those holdings.

Many other cases might be cited to the same effect but, as we regard the statute as valid on principle, further citations are unnecessary.

The judgment is affirmed.

*Judgment affirmed.*

Mr. Justice SCOTT not participating.