## SHELNUTT *et al. v.* CITY COUNCIL OF AUGUSTA.

GILBERT, J.  1. The City of Augusta is expressly authorized by its charter to levy "a license tax upon any occupation, trade, or business carried on" within said city.  Ga. Laws 1896, p. 119.

(*a*) The city may make reasonable classifications, but the tax must be uniform upon all falling within the same class.  *City Council of Augusta* v. *Clark,* 124 *Ga.* 254 (52 S. E. 881).

(*b*) The validity of an occupation tax depends upon whether it is confiscatory and oppressive upon the class designated.  *Postal Telegraph &c. Co.* v. *Cordele,* 141 *Ga.* 658, 665 (82 S. E. 26); *Ray* v. *Tallapoosa,* 142 *Ga.* 799 (83 S. E. 938); *Adams Motor Co.* v. *Cler,* 149 *Ga.* 818 (102 S. E. 440); *Wright* v. *Hirsch,* 155 *Ga.* 229 (116 S. E. 795).

2. The tax ordinance is not unconstitutional for any reason assigned.

3. The evidence did not require a finding that the ordinance was administered in an arbitrary or discriminatory manner.

4. The ordinance is not in restraint of trade, and is not void on that account.  City of Emporia *v.* Endelman, 75 Kan. 428 (89 Pac. 685).

5. The prayer for relief from prosecution in the recorder's court was withdrawn.

6. The court did not err in refusing the injunction.

*Judgment affirmed.  All the Justices concur, except Russell, C. J., and Hines, J., dissenting.*

No. 5502.  JANUARY 13, 1927.

Petition for injunction.  Before Judge Franklin.  Richmond superior court.  May 28, 1926.

J. B. Shelnutt and others, doing business as J. B. Shelnutt Salvage Company, brought suit against the City Council of Augusta, seeking to enjoin the collection of a license tax, the levy of a fi. fa. issued by the city, and the sale of petitioners' property under that levy; and for general relief.  They alleged the following facts:

They purchased stocks of goods formerly owned by two other persons in the City of Augusta, consisting of furniture and house-furnishing goods.  Desiring to secure proper license for the sale of such goods, their agent called upon the city for a license to sell furniture and furnishings.  The city refused to sell to petitioners a license similar to that under which the former owners of the goods conducted their business, and only agreed to issue to them what is known as a "license for fire, salvage, or wreck sales," which would cost petitioners $100 per week or $200 per month, which license is fixed by ordinance No. 360.  Petitioners

Injunctions, 32 C. J. p. 260, n. 16.

Licenses, 37 C. J. p. 176, n. 26; p. 198, n. 24; p. 201, n. 40; p. 207, n. 87.

Municipal Corporations, 28 Cyc. p. 364, n. 92.

refused to pay the license tax demanded, advising the city that the "cost of the same was absolutely prohibitive, confiscatory, unreasonable, unjust, and discriminatory." Although the ordinance is void under the constitution and laws of this State and of the United States, the City Council of Augusta issued an execution, and contemplates a levy on property of petitioners; and if their property is sold under such levy, they will suffer irreparable damages for which they have no adequate remedy at law. There is nothing hurtful or harmful in the business of petitioners. The predecessors in title to the property which petitioners are now selling paid to the City of Augusta, for the two separate firms, the sum of $140; and although the stock of goods has been considerably depleted and rendered less valuable from damage by fire, smoke, and water, the license tax which defendant now seeks to impose would, if paid weekly, amount to $5,200 a year, or, if paid monthly, to $2,400 a year; whereas petitioners' predecessors paid the sum of $140. The ordinance in question is void for the reason that it is in violation of the fourteenth amendment to the constitution of the United States (Civil Code, § 6700); also of the constitution of Georgia (Civil Code, § 6553), which provides that all taxes shall be uniform upon the same class of subjects; also of the constitution of Georgia (Civil Code, § 6359), which provides that "no person shall be deprived of life, liberty, or property, except by due process of law." The said ordinance is void because it is in restraint of trade and lessens competition. Petitioners did not apply to the City of Augusta for license for one week or for one month; they applied for a license to sell furniture and house furnishings for the rest of the year 1926; and the said ordinance made no provision for the license applied for by petitioners. If they or any one of them were summoned to appear before the recorder each week to answer a charge of violating this ordinance, or if a levy upon their property were made each week, such action would disrupt their business and there would be a multiplicity of suits, which can be avoided and the issues can be determined in this one action. By amendment it is alleged, that the license ordinance is unconstitutional, in that it is being unfairly administered, and the plaintiffs are being discriminated against in the enforcement of said ordinance, in that other persons engaged in the same business as petitioners are not required

to pay said license tax; that under section 3 of said ordinance there is provision for a license tax to be issued, on payment of $50 per month, to persons "engaged in selling or offering for sale goods, wares, or merchandise which are in fact or are advertised in any way for the purpose of inducing customers to believe that such goods, wares, or merchandise or portions of the same will be sold for a price not exceeding the actual cost of production;" and that there is an unfair discrimination between the license fees required under the section quoted, and there is no proper distinction between the business being conducted by petitioners and the business conducted under section 3 of said ordinance. Petitioners prayed that the defendant, its officers, agents, and employees, be restrained and enjoined from completing the levy of the fi. fa., from removing or selling their property, and from issuing any other fi. fa. against the same; that the portion of the ordinance complained of be decreed to be void because discriminatory; that defendant be required to sell petitioners a business license to sell furniture and furnishings in said city for the year 1926 at the same rate as paid by other such dealers of said city; that the recorder and chief of police also be enjoined from issuing any other fi. fa. against them; etc.

The City Council of Augusta demurred on the grounds that there was no equity in the petition; that plaintiffs had full and complete and adequate remedy at law; and that the petition was multifarious in that it set up two separate and distinct causes of action. There were special demurrers which need not be stated. The city also answered, denying discrimination and unreasonableness of the ordinance and that the ordinance was void for any of the reasons assigned. The answer alleged that "the purpose of the ordinance is to exact of plaintiffs and like persons a just and fair and reasonable license fee similar to the fee required of pawnbrokers and like dealers; and that the license fee exacted of the plaintiffs is just, fair, and reasonable, and in no wise discriminatory, unjust, unreasonable, or prohibitive."

After a hearing the court rendered judgment reciting that it appeared from the evidence "that the petitioners have completed their business in the City of Augusta, so far as the sale of the stock of goods is concerned, and that, so far as the matters and things alleged by them in their petition for injunction, their busi-

ness in the City of Augusta ceased Friday, the 21st day of May, 1926," and ordering that "the injunction prayed for by petitioners is refused and denied." The sole assignment of error is on the judgment refusing an injunction.

*Hammond & Kennedy,* for plaintiffs.

*Archibald Blackshear,* for defendant.

RUSSELL, C. J., and HINES, J., dissenting. An ordinance imposing an occupation tax of $100 per week, or $200 per month, upon persons conducting "fire sales," is excessive, prohibitive, confiscatory, and unreasonable. *Huguley-McCulloh Auto Co.* v. *LaGrange,* 159 *Ga.* 352 (125 S. E. 799). The purpose of this ordinance is to prohibit such persons from conducting such sales in competition with local merchants, and thus to stifle competition. So we think the trial judge erred in not granting the injunction prayed.