SMITH v DIRECTOR, CORPORATION & SECURITIES BUREAU

1. CORPORATIONS—ARTICLES OF INCORPORATION—CORPORATE PURPOSE
   —UNLAWFUL PURPOSE—SUBSTANTIAL CONFORMANCE—BUSINESS
   CORPORATION ACT—STATUTES.

   Proposed articles of incorporation which state an unlawful corporate purpose do not substantially conform to the requirements of the Business Corporation Act (MCLA 450.1101 *et seq.;* MSA 21.200[101] *et seq.).*

2. ADMINISTRATIVE LAW—CORPORATIONS—CORPORATION AND SECURITIES BUREAU—ARTICLES OF INCORPORATION—SUBSTANTIAL CONFORMANCE—BUSINESS CORPORATION ACT—STATUTES.

   The director of the Corporation and Securities Bureau of the Michigan Department of Commerce has no duty to accept and file articles of incorporation which do not substantially conform to the requirements of the Business Corporation Act (MCLA 450.1131; MSA 21.200[131]).

3. ADMINISTRATIVE LAW—BUSINESS CORPORATION ACT—CORPORATION AND SECURITIES BUREAU—AUTHORITY—ARTICLES OF INCORPORATION—STATUTES.

   The Business Corporation Act contains an implicit grant of authority to the director of the Corporation and Securities Bureau of the Michigan Department of Commerce to reject proposed articles of incorporation which do not conform to the provisions of the act (MCLA 450.1101 *et seq.;* MSA 21.200[101] *et seq.).*

4. USURY—PURPOSE OF STATUTES—EXTORTION—FIRST MORTGAGES—SECOND MORTGAGES—STATUTES.

   The purpose of usury statutes is to protect the necessitous borrower from extortion; a statutory classification scheme that differentiates between the rates of interest on loans secured by first and second mortgages is rational and reasonably related to such purpose (MCLA 438.31 *et seq.;* MSA 19.15[1] *et seq.).*

REFERENCES FOR POINTS IN HEADNOTES
[1, 2, 3] 18 Am Jur 2d, Corporations §§ 33, 37.
[4] 16 Am Jur 2d, Constitutional Law § 550 *et seq.*

Appeal from Oakland, William John Beer, J. Submitted June 8, 1977, at Lansing. (Docket No. 31116.) Decided October 11, 1977. Leave to appeal denied, 402 Mich 867.

Robert W. Smith submitted to the director of the Corporation and Securities Bureau of the Michigan Department of Commerce proposed articles of incorporation for a corporation to be known as Freedom Mortgage Company. The director refused to file the articles. Smith filed a petition for review in the circuit court. The director moved for summary judgment. Summary judgment for the director. Petitioner appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Edwin M. Bladen* and *John R. Castillo,* Assistants Attorney General, for the Department of Commerce.

*Dudley, Patterson, Maxwell & Smith, P. C.* for plaintiff.

Before: DANHOF, C. J., and T. M. BURNS and A. E. KEYES,* JJ.

A. E. KEYES, J. In January, 1976, plaintiff Smith attempted to file proposed articles of incorporation on behalf of Freedom Mortgage Company. These proposed articles were rejected by the defendant. Plaintiff subsequently sought review of this action in the Oakland County Circuit Court. On November 12, 1976, the circuit court granted summary judgment against plaintiff who appeals that action as of right.

The rejected articles contain the following stated purpose:

---

* Circuit judge, sitting on the Court of Appeals by assignment.

"The purpose for which the corporation is organized is to provide loans to noncorporate borrowers at rates of interest in excess of 7% per annum, but less than 24% per annum, secured by second mortgages on single family residential property."

This purpose was rejected by the defendant as not being in compliance with the requirements of the Business Corporation Act, MCLA 450.1101 *et seq.;* MSA 21.200(101) *et seq.,* because it is an unlawful purpose contrary to the usury laws.

On appeal plaintiff argues first that the defendant has no authority to reject the articles and second, that the relevant Michigan usury statutes are unconstitutional.

# I

Plaintiff asserts that the Business Corporation Act, (BCA), MCLA 450.1101 *et seq.;* MSA 21.200(101) *et seq.,* does not give defendant legal authority to reject newly filed articles of incorporation and that, therefore, defendant is required by law to issue a certificate of incorporation to plaintiff. MCLA 450.1131; MSA 21.200(131) reads:

"(1) A document required or permitted to be filed under this act shall be filed by delivering the document to the administrator together with the fees and accompanying documents required by law. *If the document substantially conforms to the requirements of this act,* the administrator shall indorse upon it the word 'filed' with his official title and the dates of receipt and of filing thereof, and shall file and index the document or a microfilm or other reproduced copy thereof in his office. * * *

"(2) The document is effective at the time it is indorsed unless a subsequent effective time is set forth in the document which shall not be later than 90 days after the date of delivery." (Emphasis added.)

The defendant argues that the proposed articles failed to substantially conform to the requirements of the BCA because sections MCLA 450.1103; MSA 21.200(103) and MCLA 450.1251; MSA 21.200(251) require a lawful purpose which these articles do not contain. We agree that proposed articles of incorporation which state an unlawful corporate purpose do not substantially conform to the requirements of the BCA. We also agree that the defendant has no duty to accept and file such articles.

The relevant statutory provisions on interest rates are found at MCLA 438.31 *et seq.;* MSA 19.15(1) *et seq.* The interest rates set out in the proposed articles are not authorized by Michigan statute. Such rates of interest on loans secured by second mortgages on single family residential property are usurious; they would be in violation of the statute and therefore *unlawful.* The fact that the available statutory penalties are limited to those found in MCLA 438.32; MSA 19.15(2) does not make usurious interest rates lawful. Contracting for such rates is clearly contrary to the law in Michigan. Plaintiff points out that such contracts are not prohibited by the statute, but are merely rendered unenforceable as to their interest provisions. That, however, does not make such interest provisions lawful.

The stated corporate purpose contained in the proposed articles, contracting for unlawful interest rates, is unlawful. Therefore, the proffered articles do not conform to the provisions of the BCA and were properly rejected by defendant. We hold that the Business Corporation Act contains an implicit grant of authority to the defendant to reject such articles of incorporation.

II

Prior case law requires that the challenged

usury statutes be upheld. In *Griffith v Connecticut,* 218 US 563, 569; 31 S Ct 132, 133; 54 L Ed 1151, 1153–1154 (1910), Connecticut usury statutes were upheld in the face of assertions that they were repugnant to the contract clause and the Fourteenth Amendment:

> "It is elementary that the subject of the maximum amount to be charged by persons or corporations subject to the jurisdiction of a state for the use of money loaned within the jurisdiction of the state is one within the police power of such state. The power to regulate existing, the details of the legislation and the exceptions proper to be made rest primarily within the discretion of the state legislature, and 'unless such regulations are so unreasonable and extravagant as to interfere with property and personal rights of citizens, unnecessarily and arbitrarily, they are within the power of the state; and that the classification of the subjects of such legislation, so long as such classification has a reasonable basis, and is not merely arbitrary selection without real difference between the subjects included and those omitted from the law, does not deny to the citizen the equal protection of the laws.' *Watson v Maryland,* 218 US 173; 30 Sup Ct 644; 54 L Ed 987 (1910), and cases cited."

In *Wilcox v Moore,* 354 Mich 499, 504; 93 NW2d 288 (1958), the Court found usury statutes to have a valid purpose:

> "There is no need, at this late date in the law of usury (see Leviticus 25: 35–37; Deuteronomy 23: 19, 20; Saint Chrysostom's Fifth Homily on the Gospel of St. Matthew; CL 1948, § 438.52 [Stat Ann § 19.12]) to discuss its rationale. Suffice to say that its purpose is to protect the necessitous borrower from extortion."

We hold that the statutory classification scheme

which differentiates between first and second mortgages is rational and reasonably related to the purpose set out in *Wilcox, supra.* That borrowers seeking loans using second mortgages as security need greater protection in the form of lower maximum permissible rates than first mortgage borrowers may be debatable, but such a judgment is one which the Legislature is entitled to make. Indeed, much of the argument made by plaintiff would more properly be addressed to the Legislature than to this Court.

Affirmed. No costs, a public question.