## JOANNA LINDQUIST, individually and on behalf of all other persons similarly situated, Plaintiffs

### v.

## XEROX CORPORATION, Defendant

Civil No. 172/1983

District Court of the Virgin Islands

Div. of St. Croix

September 23, 1983

JOHN R. COON, ESQ., Christiansted, St. Croix, V.I., *for plaintiffs*

JOHN F. JAMES, ESQ., Christiansted, St. Croix, V.I., *for defendant*

O'BRIEN, *Judge*

## MEMORANDUM OPINION

THIS matter is before the Court on defendant Xerox Corporation's ("Xerox") Fed. R. Civ. P. 12(b)(6) Motion to Dismiss the above captioned matter for failure to state a claim upon which relief can be granted. Parties hereto appeared before the Court for oral argument on August 10, 1983,[1] and, immediately thereafter, an Order was entered from the bench granting Xerox's Motion to Dismiss as to all plaintiffs, named and unnamed, who are doing business as general and limited partnerships. The Court reserved the right to issue a written opinion, which follows:

## FACTS

The matter in hand involves a constitutional type attack on the exceptions to the Virgin Islands usury law. Plaintiffs allege that Xerox is charging a usurious rate of interest, in violation of 11 V.I.C. § 951, to those persons who purchase Xerox office equipment and elect to pay for same over time. Xerox moves to dismiss as to those plaintiffs who are doing business as general or limited partners, on the grounds that these partnerships are now exempted from the application of the usury statute. Act No. 4603 ("the Act") passed in 1981, amended 13 V.I.C. § 347 to read as follows:

> No corporation or general or limited partnership shall plead any law against usury in any court as a defense in any action instituted to enforce the payment of any bond, note or other evidence or indebtedness issued or assumed by such entity.

13 V.I.C. § 347 (as amended 1981).

Plaintiffs insist that these classifications drawn by the Legislature in Act No. 4603 are violative of the equal protection clause of the Revised Organic Act of the Virgin Islands § 3 (as amended 1968). Plaintiffs correctly point out that the act creates two distinct classes of individuals: those who are partners in a general or limited partnership and who are no longer protected by the usury statute and those who are not partners in either form of partnership and who are still protected by the usury laws. Plaintiffs argue that this classification is without a rational relationship to a legitimate state objective and is arbitrary and capricious, thus is violative of the equal protection clause. See 1954 Rev. Org. Act § 3.

---

[1] International Business Machines, although not a party to this matter, appeared through counsel in an amicus capacity, both filing a brief and allocuting at oral argument.

## DISCUSSION

■■ It is elementary that the equal protection doctrine does not constitute an absolute ban on a legislature's drawing of statutory lines which treat one class of individuals different from another class. Weinberger v. Salfi, 442 U.S. 749 (1975). See Parham v. Hughes, 441 U.S. 347 (1979); Hughes v. Alexandria Scrap Corp., 426 U.S. 794 (1976). As this case does not involve either a "suspect class" (e.g. sex, race or alienage) or a fundamental right (e.g. free speech, voting or interstate travel) the statutory classification will be upheld so long "as it is drawn in such a manner as to bear some rational relationship to a legitimate state end." Clements v. Flashing, 457 U.S. 957, 102 S.Ct. 2836, 2843 (1982); Frontiero v. Richardson, 411 U.S. 677, 683 (1973); see Weinberger, supra. The Court must thus decide whether or not the Legislature's exclusion of limited and general partnerships from the protection of the usury law is rationally related to a valid public purpose. Trimble v. Gordon, 430 U.S. 762 (1977); San Diego Ind. Sch. Dist. v. Rodriguez, 411 U.S. 1 (1973).

The "public purpose" elicited as furthered by the passage of Act No. 4063 is to encourage more construction in the territory, and thereby to make housing more available to the people of the Virgin Islands.[2] The theory behind the amendment is that the removal of partnerships from the purview of the usury statute will encourage business to organize as partnerships, which would then be able to haggle with lending institutions over interest rates without regard to the usury ceiling. These concerns would be able to finance their business undertakings through loans that, prior to passage of the act, they would have never received. After hearings on the act in several committees and in regular session of the entire body, the Legislature passed the act, obviously believing the amendment would indeed free up capital as planned.

> [T]he subject of the maximum amount to be charged by persons or corporations subject to the jurisdiction of a state for the use of money loaned within the jurisdiction of the state is one within the police power of such state. The power to regulate existing, the details of the legislation and the exceptions proper to be made rest primarily within the discretion of the state legisla-

---

[2] Plaintiffs supported their Opposition to Defendant's Motion to Dismiss with the complete legislative history of Act No. 4603. The purpose of the act was clearly explained during debate thereon.

ture, and 'unless such regulations are so unreasonable and extravagant as to interfere with property and personal rights of citizens, unnecessarily and arbitrarily, they are within the power of the state; and that the classification of the subjects of such legislation, so long as such classification has a reasonable basis, and is not merely arbitrary selection without real difference between the subjects included and those omitted from the law, does not deny to the citizen the equal protection of the laws.'

Griffith v. Connecticut, 218 U.S. 563, 569 (1910) (quoting Watson v. Maryland, 218 U.S. 173 (1910).

■ Viewing the matter in light of the Griffith, supra standards, the Legislature's decision to exempt partnerships from raising the defense of usury is a valid exercise of its police power. We presume that when the Legislature amended 13 V.I.C. § 347, it was aware of and legislating in light of the definition of partnership as found in 26 V.I.C. § 21(a) . . . "a partnership is an association of two or more persons to carry on as co-owners a business for profit." Thus, the challenged amendment does not affect those individuals who are not part of a business relationship. It is a reasonable assumption that allowing these business concerns to freely negotiate for loans will result in more money lent within the business community. Further, it is reasonable to assume that this money will stimulate greater business activity. Consequently, we cannot say that this classification is an unreasonable and "arbitrary selection without real difference between the subjects included and those omitted from the laws." Id. at 569. As the classification is rational, promotes legitimate government ends and treats all within the class equally, it is not a denial of equal protection. See, id. .

For the reasons stated herein, defendant Xerox's Motion to Dismiss was granted on August 10, 1983.