## Altoona, Appellant, *v.* Morrison.

*Case stated—Pending action—Amicable action—Practice, C. P.*

Where no action is pending, and the parties desire the opinion of the court on a case stated, the case stated should be filed in connection with an amicable action, so as to show upon the record an actual, pending action.

*Appeals—Assignments of error—Practice, S. C.—Extracts from lower court's opinion.*

It is irregular practice to assign as error extracts from the opinion of the court below without there being anything in the assignments to indicate that they are such extracts.

*Municipalities—Municipal lien—Taxation—Act of May 23, 1889, P. L. 277—Interest—Penalty.*

Under the Act of May 23, 1889, art. 15, P. L. 277, regulating the incorporation and government of cities of the third class, a city may, after a lien for taxes has been filed, add the penalty of one per cent per month on the amount of the lien until judgment is entered on the scire facias, but thereafter it is only entitled to interest at six per cent on the amount of the judgment.

Argued Dec. 15, 1903.   Appeal, No. 200, Oct. T., 1903, by plaintiff, from judgment of C. P. Blair Co., Oct. T., 1903, No. 184, for defendant, on case stated in suit of City of Altoona v. Patrick Morrison.   Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Case stated to determine liability for penalty for nonpayment of municipal taxes.

BELL, P. J., filed the following opinion:

Article XV of the Act of May 23, 1889, P. L. 277, relates to "Taxation and Municipal Claims." Section seven provides that:

"The duplicates when completed as aforesaid shall be placed in the possession of City Treasurer on or before the first day of June, who shall receive and collect said taxes. On the first day of September in each year three per centum shall be added to all taxes then remaining unpaid, and on the first day of each month thereafter one per centum shall be added to all outstanding taxes until the same are fully paid."

Sections eight, nine and ten provide for the collection of said taxes by collectors and after five months a return of all taxes remaining unpaid to the city treasurer. Then section 2 provides as follows:

"It shall be the duty of the City Treasurer upon the return to him of the schedules of unpaid city taxes as provided in the preceding section to certify the said schedules and taxes, or a copy thereof, to the City Solicitor, who shall cause the said taxes, with the penalties thereon, to be registered in the name of the city and against the person or persons charged in the duplicates with the same, in the office of the Prothonotary of the proper county, who shall keep a separate book for that purpose, to be called the City Lien Docket; and all taxes assessed upon real estate shall be and continue to be liens thereon from the date of the levy thereof until paid."

We find no further reference to such registration in the prothonotary's office until we come to section twenty-second, the intervening sections being in relation to sales for taxes by the city treasurer and other matters. But in section twenty-two the said registration is recurred to and it is provided that:

". . . . Proceedings thereon may be had by scire facias similar to the proceedings in the case of mechanics' claims; and claims so registered shall be prima facie evidence of the amount thereof . . . . . and the judgment shall be entered by default, unless the defendant file his or her affidavit of defense . . . .

and the judgment and process thereon shall be with like effect as in other cases."

The case stated set out the following facts :

That the city lien was filed June 26, 1894, for city taxes of 1893, amounting to $7.50, against the property of Patrick Morrison, situated in the city of Altoona. That subsequently a sci. fa. was issued on said city lien to No. 79, October term, 1894, and judgment taken from the amount of the debt, three per cent penalty, and the accrued additional penalty at the rate of one per cent per month to on or about the date of entry of said judgment from and including the month of September, 1893.

The question for decision is : Can the one per cent per month penalty be added for each succeeding month after the entry of such judgment? " The defendant claims that he cannot be legally required to pay the penalty of one per cent per month after the entry of judgment, nor more than six per cent per year after the entry of such judgment."

This question is by no means easy of solution ; the language of the act, taken as a whole, is ambiguous and perhaps leaves us somewhat in doubt as to the legislative intent. If regard be had merely and alone to the concluding clause of section seven that " on the first day of each month thereafter " a penalty of " one per centum shall be added to all outstanding taxes until the same are fully paid," the said claim of defendant must be overruled and judgment entered for plaintiff for said one per cent per month penalty. But the language hereinbefore quoted in section twenty-two throws doubt on the question. And, if there is doubt, the imposition of the penalty must be disallowed, on the legal principle, so familiar and well established that it is unnecessary to cite any authorities, that penalties like forfeitures are odious in the eyes of the law and a statute imposing penalties must be strictly construed.

[Said section 22 provides that " the judgment and process shall be with like effect as in other cases." What is one of the effects of a judgment? That the plaintiff thereafter is entitled to interest on the amount of his judgment until the same is paid. " Lawful interest shall be allowed to the creditor for the sum or value he obtained judgment for, from the time the said judgment was obtained till the time of sale or till satisfaction be made : " Act of 1700, section 2, 1 Purdon's Digest,

1063. "Interest is a legal incident to every judgment :" Fitzgerald v. Caldwell, 4 Dallas, 251.] [1]

[The city, then, by the language of said section 22, would be entitled to interest after the entry of judgment. It could scarcely be claimed that in addition to such interest the city would likewise be entitled to the one per cent per month penalty. "Interest is the penalty for nonpayment:" Noblit v. Briggs, 8 Phila. 275; and to add a further penalty of one per cent a month would be piling a penalty on a penalty, procedure certainly not allowable unless rendered mandatory on courts by the plainest and most specific legislative intent.] [2]

[And if, as is contended for on behalf of the city, the one per cent per month penalty was to be a substitute for interest, why did not the legislature indicate an intent to make such substitution by the use of appropriate language ? A single clause or sentence would have indicated such an intent. It would only have been necessary to have added after the words "and the judgment and process shall be with like effect as in other cases" a proviso, "except that in lieu of interest the penalty of one per centum per month mentioned in section 7 shall be added."

But the legislature failed to insert any such proviso. The last reference we find in said act of 1889 to said penalty is the direction found in section 11, that the city solicitor "shall cause the said taxes, with the penalties thereon, to be registered" in the office of the prothonotary. Is not the absence thereafter of any reference to said penalty significant of a legislative intent that when judgment was obtained the ordinary penalty incident to the nonpayment of a judgment, namely, interest, should be substituted for the one per cent per month ?

And the legislature may have had good reasons for making such substitution. After judgment sheriff's costs on executions might quickly accrue, or the legislature might have deemed it very irregular and anomalous to have the prothonotary adding one per centum per month instead of indicating on his docket, as in the case of an ordinary judgment, the date from which interest was to be computed.]

The city solicitor, in his brief, lays considerable stress on the fact that in section 13 provision is made for " a further penalty of one per centum per month." But this is a condition prece-

dent to redemption after a sale by the city treasurer; it has no reference to proceedings in court. The act seems to contemplate two distinct forms of collection—one by the city, the other by legal proceedings, as upon ordinary judgments in the nature of mechanics' liens. [When the city collects, the penalty for nonpayment is one per cent per month; when the courts collect, their judgments for such taxes have the incidents of judgments "in other cases;" one of these incidents is interest from time of entry.] [4]

[Now, July 8, 1903, it is ordered that judgment be entered for plaintiff for the amount for which judgment was obtained on sci. fa. No. 79, October term, 1894, to wit: $8.63, together with interest from August 31, 1894, the date of the entry of said judgment. [5]

*Errors assigned* were (1–5) various extracts from the opinion of the court below.

*Thomas H. Greevy*, city solicitor, with him *Frank T. Morrow*, for appellant.

*A. S. Fisher*, for appellee.

OPINION BY BEAVER, J., March 14, 1904:

There was no case pending, nor was there an amicable action entered in the court below in which the case stated was filed. The better practice, as we have heretofore pointed out, if no action is actually pending, is to submit a case stated in connection with an amicable action, so as show upon the record an actual, pending action.

The alleged errors are not regularly assigned. It is evident from an inspection of them and a reference to the opinion of the court that they consist of extracts from that opinion, but it is not so stated, nor are these extracts even indicated as being quoted from the opinion. Neither of these irregularities having been objected to by the appellee and not being, in our opinion, absolutely fatal to the appeal, we have considered the case upon its merits.

The entire question involved arises under the Act of May 23, 1889, P. L. 277, entitled "An act providing for the incor-

poration and government of the cities of the third class," and involves the interpretation of article 15, relating to taxation and municipal claims at page 317.

The appellant claims that, after a city lien was filed July 25, 1894, for city taxes of 1893, and a judgment obtained upon a sci. fa. issued thereon, the city might continue to add a penalty of one per cent per month on the amount of said judgment, "notwithstanding the entry of judgment on said lien." The entire machinery for the collection of taxes is set forth at length in the fifteenth article of the act referred to. The various sections thereof are to be construed together and in harmony with each other. This can be done without difficulty by adding the extraordinary penalties provided in the act up to the time of the entry of the judgment on the sci. fa. issued upon the city lien and thereafter adding the ordinary penalty for nonpayment of a judgment in other cases, viz : interest at six per cent per annum.

We cannot profitably add anything to the opinion of Judge BELL filed in this case and agree with him that " When the city collects, the penalty for nonpayment is one per cent per month ; that, when the courts collect, their judgments for such taxes have the incidents of judgments ' in other cases.' One of these incidents is interest from the time of entry."

Judgment affirmed.