209 ——— 327
32 SC ² 55

## McGonnell's License.

*Constitutional law—Delegation of legislative power—Liquor law—Acts of April 11, 1866, P. L. 658, and April 28, 1899, P. L. 68—Potter county.*

The legislature cannot delegate its power to make a law; but it can make a law to delegate a power to determine some fact or state of things upon which the law makes, or intends to make its own action depend.

The Act of April 28, 1899, P. L. 68, which repeals in express terms the Act of April 11, 1866, P. L. 658, prohibiting the sale of liquor in Potter county, is not an unconstitutional delegation of legislative power to the voters of Potter county, because it provides that "said repeal shall not go into effect unless a majority of duly qualified voters of said county shall vote in favor of said repeal at an election to be held as provided for in section 3 of this act."

MESTREZAT, J., dissents.

Argued May 2, 1904.   Appeal, No. 112, Jan. T., 1904, by James McGonnell, from decree of Superior Court, Oct. T.,

1903, No. 188, reversing decree of Q. S. Potter Co., granting a liquor license in In re Petition for Hotel License by James McGonnell. Before MITCHELL, C. J., BROWN, MESTREZAT, POTTER and THOMPSON, JJ. Reversed..

Appeal from Superior Court.

The only question involved in the case is the constitutionality of the Act of April 28, 1899, P. L. 68, repealing the Act of April 11, 1866, P. L. 658, prohibiting the sale of liquors in Potter county.

*Error assigned* was the judgment of the Superior Court.

*W. K. Swetland* and *John G. Johnson*, with them *Samuel H. Glassmire*, for appellants, cited as to the constitutionality of the act of April 28, 1899 : Locke's App., 72 Pa. 491 ; O'Neil v. Artisans' Ins. Co., 166 Pa. 72.

*W. I. Lewis*, with him *Arch. F. Jones*, for appellees, cited as to the delegation of legislative power : Parker v. Com., 6 Pa. 507 ; Barto v. Himrod, 8 N. Y. 483 ; Thorne v. Cramer, 15 Barbour (N. Y.), 112 ; Santo v. State, 2 Iowa, 165 ; Ex parte Wall, 48 California, 279 ; State v. Beneke, 9 Iowa, 203 ; State v. Field, 17 Mo. 529 ; Bank v. Brown, 26 N. Y. 467 ; People v. Stout, 23 Barbour (N. Y.), 349 ; State v. Wilcox, 45 Mo. 458.

OPINION BY MR. JUSTICE BROWN, May 23, 1904 :

By the Act of April 11, 1866, P. L. 658, the sale of vinous, spirituous, malt or brewed liquors was prohibited within the limits of the county of Potter. The Act of April 28, 1899, P. L. 68, repealed this act, its first and second sections being as follows :

" Be it enacted, etc., That the act of the General Assembly approved the eleventh day of April, Anno Domini one thousand eight hundred and sixty-six, entitled ' An act to prohibit the granting of licenses and sale of intoxicating drinks within the county of Potter,' be and the same is hereby repealed.

" Provided, said repeal shall not go into effect unless a majority of duly qualified voters of said county shall vote in

favor of said repeal, at an election to be held as provided for in section three of this act."

The remaining two sections, which provide how the election shall be held, need not be considered. The result of the election having been in favor of the repeals going into effect, the court of quarter sessions of Potter county, in 1903, granted a license to the present appellant. On appeal to the Superior Court, the order granting it was reversed, on the ground that the act of 1899 was unconstitutional, the majority of that court being of opinion that the legislature had delegated its power to the voters of Potter county. On this appeal we will consider no other question, as the Superior Court very properly held that all other questions " could be well resolved in favor of the affirmance of the decree of the court below."

By special legislation, no license could be granted after April 11, 1866, to sell vinous, spirituous, malt or brewed liquors within the county of Potter. When our present general license laws were subsequently passed that county was unaffected by them, and could not come under their operation, except by an act of the lawmaking power of the state. The people of that county had not made it unlawful to issue a license for the sale of liquor, and they could not have done so, for the people of the entire state had, in their organic law, delegated to their representatives in the legislature the sole power of making laws for them and for the government of the commonwealth. The condition of the prohibition of the sale of liquors in the county of Potter could not be changed by its people, nor could they bring it under the general license laws of the state. The supreme power that had placed it in that condition was the only one that could take it out of the same and make it subject to the general laws regulating the sale of liquor. The legislature without delegating, or attempting to delegate, power which it alone possesses and cannot delegate, could alone lift the ban against the sale of liquors in the county and permit licenses to be issued under the provisions of the general laws. If it did so by the passage of the act of April 28, 1899, the license of the appellant was lawfully issued to him ; if, on the contrary, the legislature delegated the people of the county to act for them, its condition, as created by the act of 1866, remains unchanged.

The language of the first section of the act of 1899 is: "The act of the General Assembly approved the eleventh day of April, Anno Domini one thousand eight hundred and sixty-six, entitled 'An act to prohibit the granting of licenses and sale of intoxicating drinks within the county of Potter,' be and the same is hereby repealed." This clearly placed the county in the same class with the rest of the counties of the state, and it became lawful for its court of quarter sessions to grant licenses for the sale of liquor. But the appellees contend that the legislature did not act alone, insisting that the act is a joint one by it and the people, because there is a provision in the second section that " said repeal shall not go into effect unless a majority of duly qualified voters of said county shall vote in favor of said repeal, at an election to be held as provided for in section three of this act." If, instead of this proviso, there had been a preamble to the act, that " whereas, it appears from a petition of a majority of the voters of Potter county that they desire the repeal of the act of April 11, 1866," could it be pretended that there had been in the repealing act any delegation by the legislature of its power to the people, and that it was their act that repealed the act of 1866, or would such preamble merely be evidence that the legislature, before it acted, had properly ascertained the sentiment of the community for which it was about to legislate ? There can be but one answer to this. What difference, then, can there be in determining the question of the alleged delegation of power by the legislature, that, after it had distinctly acted and repealed the prior act, it added that its act should not go into effect unless it be certified in the way pointed out in the act, that a majority of the electors of the county for which it had legislated, desired the act of 1866 to be repealed ? The legislature, acting in its representative capacity for the people, should act in accordance with their wishes and sentiments, as far as they can be definitely ascertained, and no enactment can be struck down as not being the exclusive act of the legislature simply because it was passed in acknowledged deference to public sentiment, or because its operation is to depend upon an expression of opinion by the community to be affected by it, to be ascertained in a regular and orderly manner pointed out in the act itself. The error into which the Superior Court fell

was in not properly distinguishing between the passage of the
act and the contingency under which it was to go into effect.
Its passage, with its condition, was the act of the legislature
alone.   After it left that body and was approved by the governor
it was a complete law.   The people of Potter county could have
added nothing to it nor taken anything from it.   They were
not to say whether it was or was not an act of assembly, and
the permission given them to determine the contingency of its
operation sprang from and was part of the law itself.   What
the legislature did in the second section of the act was simply
to adopt a popular vote as a means of reaching a result, with-
out which it declared its act should not go into effect.   " The
effect of our cases is to settle firmly the rule that the law must
be complete in all its terms and provisions when it leaves the
legislative branch of the government, and that nothing must
be submitted to the judgment of the electors or other ap-
pointee of the legislature except an option to become or not
to become subject to its requirements and penalties : " O'Neil
et al. v. Artisans' Insurance Co., 166 Pa. 72.

   Though the electors of Potter county were to vote " re-
peal " or " no repeal," they really voted " license " or " no
license," " to become subject to the general license laws of the
state," or " to remain a prohibition county."   " Repeal " or
" no repeal " can have no other meaning, and no other will be
given to the words in this effort to strike down the act in which
they are used.   To sustain its constitutionality we do no more
than give them their manifest meaning, as layman and lawyer
alike must read them.   As this is so, we are relieved from any
further discussion of the question before us, for it is directly
decided in Locke's Appeal, 72 Pa. 491, and it would be a work
of supererogation to attempt to say anything more, in view of
what is there said.   In that case the question arose under the
Act of May 3, 1871, P. L. 522, entitled " An act to allow the
voters of the Twenty-second ward of the city of Philadelphia to
vote on the question of granting licenses to sell intoxicating
liquors."   The act provided that no license should issue for
the sale of any intoxicating liquors in that ward, if a majority
of the voters should vote against license at an election to be
held in accordance with the act.   We might properly make
lengthy extracts from the opinion of AGNEW, J., sustaining

the constitutionality of that act, but prefer, instead of so burdening this opinion, to refer to it as a whole, in which it is conclusively demonstrated that the objection urged against the act of 1899 should not prevail. The true distinction between the exercise by the legislature itself of its powers and a delegation of them to others is there concisely and clearly stated by that learned judge to be : " The legislature cannot delegate its power to make a law; but it can make a law to delegate a power to determine some fact or state of things upon which the law makes, or intends to make, its own action depend. To deny this would be to stop the wheels of government. There are many things upon which wise and useful legislation must depend, which cannot be known to the lawmaking power, and must, therefore, be a subject of inquiry and determination outside of the halls of legislation."

In commenting upon the foregoing case, we said, in O'Neil et al. v. Insurance Co., supra : " In Locke's Appeal, 72 Pa. 491, it was held that, inasmuch as the law with all its provisions and its penalties was complete when it left the legislature, and the only question submitted to the electors of the locality was whether they desired this law to become operative in the subdivision of the state in which they lived, such submission did not amount to a delegation of legislative power. No provision or requirement of the law was left to be supplied in order to make it complete in all its parts, but the vote of the electors served to give expression to their wish in reference to the subjection of the locality they represented to its already finished provisions. It has frequently been held that local questions may be submitted in this manner to those who are to be directly affected by their decision. The division of a county is such a question and a law submitting the question to a popular vote and making the division depend on the result of the vote was sustained in Smith v. McCarthy, 56 Pa. 359. So is the location of the county seat : Commonwealth v. Painter, 10 Pa. 214. So also is the granting of licenses to sell intoxicating drinks : Locke's Appeal, 72 Pa. 491. Such laws are in form and in substance laws in presenti to take effect in futuro upon the ascertainment of the wish of those most directly affected thereby."

The decree of the Superior Court is reversed, and the order

of the court of quarter sessions of Potter county, granting a
license to the appellant, is affirmed, the costs on this appeal, as
well as those on that to the Superior Court, to be paid by the
appellees.

MESTREZAT, J., dissents.