## Commonwealth, Appellant, *v.* Falk (No. 1).

*Constitutional law—Title of statute—Delegation of legislative power—
State Live Stock Sanitary Board—Act of July 22, 1913, P. L. 928.*

1. The Act of July 22, 1913, P. L. 928, entitled, "An Act relating to
domestic animals," etc., and defining the powers and duties of the State
Live Stock Sanitary Board does not violate sec. 3 of art. 3, of the con-
stitution in having more than one subject in its title, nor is it unconsti-
tutional as conferring legislative powers upon the State Live Stock San-
itary Board.

2. An indictment charging a person with unlawfully driving a diseased
animal is good under the Act of March 30, 1905, P. L. 78, even if the
Act of July 22, 1913, P. L. 928, were unconstitutional.

Argued Nov. 10, 1914.   Appeal, No. 89, Oct. T.,
1914, by plaintiff, from order of Q. S. Lancaster Co.,
Jan. T., 1914, No. 40, sustaining demurrer to indictment
in case of Commonwealth v. Charles Falk.   Before
RICE, P. J., ORLADY, HEAD and KEPHART, JJ.   Re-
versed.

Indictment for unlawfully driving a diseased animal.
The indictment charged that defendant, on or about
August 20, 1913, at the county aforesaid and within
the jurisdiction of this court, with force and arms, etc.,
did unlawfully drive, move and transport on, across
and along a public highway an animal suffering with
generalized or advanced tuberculosis, of the character

enumerated in sec. 9 of the act of assembly passed July 22, 1913, without the express permission in writing from the State Live Stock Sanitary Board, or any member, officer or agent thereof, contrary to the form of the act of general assembly in such case made and provided and against the peace and dignity of the commonwealth of Pennsylvania.

A demurrer to the indictment was sustained by HASSLER, J.

*Error assigned* was in sustaining demurrer to the indictment.

*A. H. Woodward,* with him *John C. Bell,* attorney general, *J. E. B. Cunningham, John M. Groff,* district attorney, and *Coyle & Keller,* for appellant.—The title of the act is sufficient: Com. v. Charity Hospital, 198 Pa. 270; Blood v. Mercelliott, 53 Pa. 391; Com. ex rel. v. McCarthy, 2 Lanc. L. R. 139; Clearfield County v. Cameron, etc., Poor Dist., 135 Pa. 86; Com. v. Green, 58 Pa. 226; Payne v. School Dist., 168 Pa. 386.

If an act of assembly is capable of two constructions one of which would render the act unconstitutional and the other of which would render the act constitutional, the latter construction will be adopted by the courts: Com. v. McCann, 14 Pa. Superior Ct. 221.

The act is not unconstitutional as a delegation of legislative power: Com. v. McKnight, 16 Pa. Dist. Rep. 869; Penna. Telephone Co. v. South Bethlehem Boro., 16 Pa. Dist. Rep. 878; Com. v. Cooper, 27 Pa. C. C. Rep. 199; Com. v. Lambrecht, 3 Pa. C. C. Rep. 323; Lockes' App., 72 Pa. 491; Foster Twp. Road Tax, 32 Pa. Superior Ct. 51; McGonnell's License, 209 Pa. 327.

Even if the act of July 22, 1913, is unconstitutional the indictment should have been sustained under the Act of March 30, 1905, P. L. 78: The State v. Vandenburg, 159 Mo. 230.

*John E. Malone,* for appellee, filed no printed brief.

OPINION BY ORLADY, J., February 24, 1915:

The indictment in this case charges a violation of law, viz.: "It shall be unlawful for any person to drive or move or transport on or across or along any public highway, or in wagons or in railroad cars or other vehicles, any animal affected with any disease mentioned in sec. 9 of this act, or with any disease now or hereafter adjudged and proclaimed by the State Live Stock Sanitary Board, to be of a transmissible character, except upon permission in writing from the State Live Stock Sanitary Board, or any member, officer, or agent, of the Board." The defendant filed a demurrer alleging that no indictable offense was set out; that the act under which the indictment was drawn is unconstitutional, as it violates sec. 3, of art. 3, of the commonwealth of Pennsylvania, in having more than one subject; that it is unconstitutional as it confers legislative powers upon the State Live Stock Sanitary Board; that it failed to set forth that the animal suffering with tuberculosis was a domestic animal, or was one of the animals defined in sec. 1 of the act, which was sustained by the court.

The construction placed upon this statute of July 22, 1913, P. L. 928, is entirely too narrow and refined to meet the substantial and vital demands of this important legislation. The act in question is the last declaration of the legislative will starting in 1897, and it has been enlarged in nearly every succeeding session of the assembly, so that the act of 1913 stands as a codification of all previous legislation relating to the subjects embraced in its title, which is as follows: "An Act relating to domestic animals; defining domestic animals so as to include poultry; providing methods of improving the quality thereof, and of preventing, controlling, and eradicating diseases thereof; imposing certain duties upon practitioners of veterinary medicine in Pennsylvania; regulating the manufacture and sale of tuberculin, mallein and other biological products for use with domestic animals; defining the powers and duties of

the State Live Stock Sanitary Board, and the officers and employees thereof; fixing the compensation of the Deputy State Veterinarian; and providing penalties for the violation of the act."

It cannot be open to controversy that but one purpose is sought by this enactment, which is intended to embrace the whole subject-matter, and a fair examination of the body of the act as suggested by the comprehensive title would lead any inquiring mind to an examination of its contents.

The restricted definition of "domestic animal" was enlarged so as to embrace any equine or bovine animal, sheep, goat, pig, dog, cat, or poultry. Every provision in the statute reasonably and directly related to the general subject-matter of the legislation, and each provision was considered necessary to carry into effect the beneficent purposes of the .enactment. The method adopted by the legislature of enforcing the general provisions of the act was clearly within its power, and in defining the authority and duties of the State Live Stock Sanitary Board, and the officers and employees thereof, are so necessarily related to the preventing, controlling, and eradicating the diseases against which the enactment is directed, that each is germane to the general subject. The powers and duties devolved upon the State Live Stock Sanitary Board and its officers, are but an enumeration of methods referred to in sec. 6, and are clearly within the power therein defined. Such legislation would be of no effect unless the power to enforce its provisions was lodged somewhere. This Board was deemed the most efficient agency for preventing, controlling and eradicating disease, and enforcing the prescribed penalties for violation of the act. And every power given to the Board was deemed to be directly and immediately necessary to accomplish the expressed objects of the statute. With this authority vested in the Board, the compensation of its employees and all other expenses follow as a reasonable provision, and

all are germane to the one object which relates to domestic animals and providing methods of improving the quality thereof. It has been repeatedly stated that our only duty and our only power in scrutinizing an act with reference to its constitutionality, is to discover what, if any, provision of the constitution it violates. The presumption is always in favor of the constitutionality of an act of assembly, and it cannot be declared void unless it violates the constitution clearly, palpably, plainly, and in such manner as to leave no doubt and hesitation: Commonwealth v. Moir, 199 Pa. 534. The interpretation of a statute should be determined by its paramount purpose, rather than by the details through which that purpose is to be accomplished. The subject may have but one object, while the measure necessary for the attainment of that object may necessarily embrace many subordinate subjects, differing in their nature and particular effect, yet all contributing to it, and comprising within the principal subject everything which the nature of the subject of a title reasonably suggests as necessary or appropriate for the accomplishment of its expressed purpose, is sufficiently indicated by such title: Commonwealth v. Jones, 4 Pa. Superior Ct. 362; Commonwealth v. Pflaum, 50 Pa. Superior Ct. 55.

The several provisions of the act have a proper relation to each other and all the details constitute essential parts of the general design to accomplish a single purpose, and each relates to the same subject which is the common object of the enactment. The legislature cannot delegate its power to make a law; but it can make a law to delegate a power to determine some fact or state of things upon which the law makes, or intends to make its own action depend: McGonnell's License, 209 Pa. 327; Foster Township Road Tax, 32 Pa. Superior Ct. 51. As was said in Locke's Appeal, 72 Pa. 491, "There are many things upon which wise and useful legislation must depend, which cannot be known to the law-making

power, and must, therefore, be a subject of inquiry and determination outside of halls of legislation." See also C., M. & St. Paul R. R. v. Minn., 134 U. S. 418; Ellwell v. Comstock, 100 Minnesota, 261; Railroad v. Railroad, 206 U. S. 314; Saratoga v. Saratoga Gas Co., 191 N. Y. 123, and the recent Minnesota Rate Case, 230 U. S. 352.

The list of dangerous diseases enumerated in the act, rendered it vitally important to provide that the inspection and care of affected animals and the disposition of carcasses of such, should be under the control of experienced persons, both for the treatment of such and the prevention of epidemics, and for preservation of the records, which result could only be secured by organized bodies of men, who were specially trained in that department of learning.

The act is intended to regulate the transportation of any animal, wild or domestic, having a transmissible disease. The purpose is avowedly to prevent, control and eradicate diseases of domestic animals, but it is just as proper to regulate the transportation of elk, deer or foxes when they may be the means of spreading infectious diseases among domestic animals as it is to prescribe the manner of transporting the well-known barn or herd stock. The act is framed in clear, unambiguous words and is meant to apply to all animals under the control of man.

The defendant did not ask for a bill of particulars, and could not be misled by any of the provisions of the act which are fully indicated by the title. Even if the act of July 22, 1913, is at all doubtful, as to its constitutionality, which is not admitted, the indictment was good under the Act of March 30, 1905, P. L. 78, which is in substance the same as sec. 26 of the act before us, and is still in force. It made no difference under what particular section of a statute the indictment may have been drawn, nor are the infirmities of such section of the indictment thereunder material, provided the indictment be good under some other section of a statute which is

valid: 22 Cyc., p. 3, sec. 8.   See also The State v. Vandenburg, 159 Missouri, 230; 60 S. W. Repr. 79.

The judgment is reversed, the record to be remitted to the court below with a procedendo.