### Carroll v. Co-operative Loan and Investment Company.

*Interest—Loans—Judgments—Act of June 4, 1919.*

It is not a violation of law for a company organized and doing business under
the Act of June 4, 1919, P. L. 375, to charge interest upon a loan made by it at the
rate of 3½ per cent. per month after judgment has been entered upon the note
given to secure payment of the loan.

Affidavit of defence raising question of law. C. P. Dauphin Co., March T.,
1924, No. 43.

*F. Stoddard Simpson* and *Lynn M. Irvine*, for plaintiff.

*Scott S. Leiby*, for defendant.

WICKERSHAM, J., Nov. 3, 1924.—It appears from the record that the defend-
ant is a Pennsylvania corporation operating under the Act of June 4, 1919,
P. L. 375. On May 10, 1922, the plaintiff borrowed from the defendant $125,
giving as security for the repayment of the loan a judgment note, which was
afterwards filed in the prothonotary's office and judgment entered thereon to
No. 348, June Term, 1923. In making this loan the plaintiff agreed to repay
to the defendant the sum of $125, "with interest at 3½ per centum per month."
The note further stated that: "It is understood that the undersigned shall
pay this obligation by paying the sum of $125 this day lent, in eleven monthly
instalments of $10 and one instalment of $15, together with interest at the
rate of 3½ per centum per month on the unpaid balance of the loan hereby
evidenced, until said loan, with interest, is fully paid, together with any costs
or attorney's collection fees which may accrue by law of contract under this
obligation."

On Jan. 22, 1924, a writ of *fieri facias* was issued upon the above stated
judgment, in which a credit of $37 was allowed to the plaintiff. The plaintiff
paid to the defendant $123.85, consisting of $88 principal and $48.65 interest,
whereupon the writ of execution was stayed. Thereafter the plaintiff brought
suit before Alderman John P. Hallman, claiming the right to recover the
interest of $48.65 so, as he alleged, unlawfully collected, and, in addition, $50

as a penalty, as provided in the Act of June 4, 1919, P. L. 375. The alderman entered judgment for the plaintiff, whereupon an appeal was taken by the defendant to this court.

The plaintiff's amended statement was filed July 2, 1924, setting forth the facts substantially as we have stated them, and claiming to recover the sum of $98.65, being $50 penalty and $48.65 interest, which the plaintiff claims to be usurious.

The defendant filed an affidavit of defence in the nature of a demurrer, claiming that the plaintiff's statement, as filed, evidences no cause of action in law, for the reasons (1) the plaintiff does not show any right of action against the defendant; (2) the averments of fact in plaintiff's statement disclose no illegal act on the part of the defendant. The defendant, a Pennsylvania corporation, operating under the Act of June 4, 1919, P. L. 375, was wholly within its legal rights in collecting the interest as alleged in plaintiff's statement, and no right of action raises to the defendant (plaintiff?) by reason thereof; (3) the defendant's acts were wholly within its rights under the aforesaid act of assembly.

As we have stated, the defendant was licensed to do business under the provisions of the Act of 1919, to which we have referred, section 2 of which, P. L. 380, provides: "Any person, persons, copartnership, association or corporation who shall obtain a license in accordance with the provisions of section 1 of this act shall be entitled to loan money in sums of $300 or less, either with or without security, to individuals pressed by lack of funds to meet immediate necessities, at his, their or its place of business for which said license is issued, and to charge the borrowers thereof, for its use or loan, interest at a rate not to exceed 3½ per centum per month. No fees, fines or other charges, either in addition to or as a part of the above specified interest, shall be charged or collected under any pretext whatsoever."

It is further provided that interest shall not be payable in advance or compounded and shall be computed only on unpaid balances for the time that has elapsed at date of payment. It is further provided that if interest in excess of that prescribed shall be received by any licensee, the said licensee shall thereupon lose his right to receive or collect the interest allowed under this act, and shall be entitled to recover from the borrower only the amount actually loaned, together with interest at the rate of 6 per centum per annum upon unpaid balances. The act further provides: "Any person borrowing money from any licensee under this act, who shall be charged and pay any interest in excess of that prescribed and allowed by the provisions of this act, shall be entitled to recover back from the lender, by action at law begun at any time within two years from the date of the last payment, any and all sums of money so charged and paid in excess of the amount of the original loan, together with interest at the rate of 6 per centum per annum upon unpaid balances up to the date of final payment of said loan, and, in addition, $50 as a penalty, to be paid to the borrower."

The pending action was brought under the last quoted provisions of the Act of 1919. The Act of 1915, of which this is an amendment, is constitutional: Com. v. Puder, 261 Pa. 129. The principal question raised at the argument was whether the defendant was entitled to collect interest at the rate of 3½ per cent. upon its contract with the plaintiff after said contract had been filed in the prothonotary's office and judgment entered thereon. It was contended by counsel for the plaintiff that, after judgment, the defendant was entitled only to interest at the rate of 6 per cent., and, therefore, this action would lie because more than 6 per cent. was collected, the plaintiff being compelled

Carroll *v.* Co-operative Loan and Investment Company.

to pay 3½ per cent. monthly from the date judgment was entered upon the contract until final payment in January or February, 1924. In support of this contention the plaintiff refers us to Altoona *v.* Morrison, 24 Pa. Superior Ct. 417, which holds that under the Act of May 23, 1889, art. xv, P. L. 277, regulating the incorporation and government of cities of the third class, a city may, after a lien for taxes has been filed, add the penalty of 1 per cent. per month on the amount of the lien until judgment is entered on the lien, but thereafter it is only entitled to interest at 6 per cent. on the amount of the judgment. A careful reading of the opinion of President Judge Bell rendered in this case and affirmed by the Superior Court demonstrates that this authority supports the contention of the defendant rather than the plaintiff. It appears that the 1 per cent. per month allowed by the said Act of 1889 is imposed as a penalty for non-payment. Section 22 of said Act of 1889 provides that judgment and process shall be with like effect as in other cases. Commenting thereupon, Judge Bell says (page 419):

"What is one of the effects of a judgment? That the plaintiff thereafter is entitled to interest on the amount of his judgment until the same is paid. 'Lawful interest shall be allowed to the creditor for the sum or value he obtained judgment for, from the time the said judgment was obtained till the time of sale or till satisfaction be made:' Act of 1700, § 2, 1 Purdon's Digest, 1063. 'Interest is a legal incident to every judgment:' Fitzgerald *v.* Caldwell's Exec'rs, 4 Dallas, 251.

"The city, then, by the language of said section 22, would be entitled to interest after the entry of judgment. It could scarcely be claimed that, in addition to such interest, the city would likewise be entitled to the 1 per cent. per month penalty. 'Interest is the penalty for non-payment,' . . . and to add a further penalty of 1 per cent. a month would be piling a penalty on a penalty, procedure certainly not allowable unless rendered mandatory on courts by the plainest and most specific legislative intent."

It thus appears that in the Altoona case, from which we have just quoted, the city endeavored to impose a penalty upon the defendant of 1 per cent. a month after judgment was entered against the defendant upon *scire facias sur* municipal lien, upon which, under the Act of 1700, the city was entitled to interest at the rate of 6 per cent. To have allowed the claim of the city would have enabled it to collect, not only legal interest at 6 per cent. upon its judgment, but, in addition thereto, a penalty of 1 per cent. a month, which could not be allowed "unless rendered mandatory on the courts by the plainest and most specific legislative intent."

The case at bar, which we have under consideration, differs from the Altoona case in this: the defendant in this case was authorized by the Act of 1919, from which we have quoted, to make the loan to the plaintiff and to charge interest at the rate of 3½ per cent. per month; the plaintiff contracted to make the loan and to pay interest at the rate of 3½ per cent. per month until the loan was fully paid. The loan was not fully paid until after judgment was entered upon the contract between the parties and until execution was issued thereupon The plaintiff's statement fails to disclose any violation of the Act of 1919, upon which his action is based, and, therefore, is not entitled to recover back the interest paid nor the penalty provided in said act as a punishment for those who violate its provisions. We think, therefore, the demurrer must be sustained, and we direct judgment to be entered for the defendant.

From Sidney E. Friedman, Harrisburg, Pa.