## United Securities Corporation v. Rentz

*Russell H. Stahlman*, for plaintiff; *David M. McCloskey*, for defendant.

CUMMINS, J., April 27, 1931.—This case is before the court in banc on defendant's rule to show cause why the court should not adjudicate the rate of interest which has and shall accrue on said judgment and pass upon the reasonableness of the attorney's commissions included therein. That the issuance of this rule is proper practice is not raised by plaintiff and is, therefore, not passed upon. The written contract, pursuant whereto the judgment was entered, provides for the payment of interest on the loan thereby secured at the rate of 3½ per cent. per month until the loan is "fully paid." While this loan is now secured by a judgment, yet the loan itself still remains unpaid; so that defendant under her own agreement must pay the rate of interest therein stipulated: Carroll v. Coöperative Loan and Investment Co., 6 D. & C. 425, 427. That to allow the collection of such a usurious rate of interest (42 per cent. per annum) from the poor and those in distress in our Commonwealth is unconscionable, as contended by defendant's counsel, is gladly conceded, but the court's hands are tied by the Act of June 17, 1915, P. L. 1012, which act authorized the collection of such a rate of interest (Com. v. Puder, 67 Pa. Superior Ct. 11, affirmed in 261 Pa. 129); so that any appeal for relief from such a pernicious practice must be made not to the court, but to the conscience of our legislature. The attorney's commissions provided for are not excessive in view of the legal services rendered.

And now, April 27, 1931, defendant's rule is discharged at her cost.
From Harry D. Hamilton, Washington, Pa.