## Industrial Loan Corporation v. Janik

*Thomas J. Grover*, for petitioner.
*George L. Fenner*, contra.

FINE, J., April 23, 1936.—This is a rule to open a judgment entered against defendant in the amount of $275 with interest from November 2, 1931, and attorney's commissions of 10 percent. Depositions have been taken by the respective parties. The basis for the petition of defendant, Stanley Janik, is that plaintiff was without authority to collect compound interest at the rate of 3½ percent per month, and a denial there is now due from

this defendant the sum of $273.35, with interest thereon at 3½ percent per month from March 19, 1935, in view of the payment on account by defendant to plaintiff of the sum of $14 made on November 25, 1932. Defendant contends there is now due the sum of $157.50 with interest at the rate of 6 percent per annum, making a total indebtedness of $182.38, due plaintiff, which includes interest to March 19, 1935. The record discloses that the sheriff was directed by the execution issued on March 27, 1935, to collect the sum of $273.35, with interest thereon at the rate of 3½ percent per month.

An examination of the note upon which judgment was entered discloses that this loan was made under the Small Loan Act of June 17, 1915, P. L. 1012, which permits collection of interest at the rate of 3½ percent per month. The question raised by this rule to open the judgment is whether plaintiff is entitled to recover interest at the ordinary legal rate of 6 percent per annum from the date of the entry of the judgment on November 9, 1931, or whether plaintiff can demand interest at the rate of 3½ percent per month. The judgment note executed by defendant contains the following statement: "I hereby certify that this loan is made under the provisions of the 'Small Loan Act' of June 17, 1915, and the amendments and supplements thereto." In Carroll v. Co-operative Loan & Investment Co., 6 D. & C. 425, Judge Wickersham, of the Dauphin County court, elaborately discussed the application of the rate of interest collectible after the entry of a judgment upon a note issued under the provisions of the Small Loan Act of 1915, as supplemented. He held it is not a violation of law for a company organized and doing business under the Act of June 4, 1919, P. L. 375, to charge interest upon a loan made by it at the rate of 3½ percent per month after judgment has been entered upon the note given to secure the payment of the loan. An examination of the Act of 1919 discloses that persons licensed to do business under that act in the loaning of money in sums not to exceed $300 to individuals pressed by lack of funds to meet

immediate necessities may charge the borrower for its use or loan interest at a rate not to exceed 3½ percent per month. The Small Loan Act has been held to be constitutional by the Supreme Court of this State: See Commonwealth v. Puder, 261 Pa. 129.

Defendant relies upon a decision of this court in the case of Industrial Loan Corporation v. Grover, May term, 1932, No. 1087. However, an analysis of that decision proves that it is distinguishable from the case at bar. In that case we restricted the amount for which execution was permitted to issue to a rate of interest of 6 percent upon the principal due for the reason the note was given by the particular defendant for a preëxisting indebtedness of a third party and not for a loan authorized under the Small Loan Act.

In United Securities Corp. v. Rentz, 16 D. & C. 580, the court held that a court is without power to adjudicate the rate of interest which shall accrue on a judgment entered upon a written contract providing for the payment of interest at the rate of 3½ percent per month until the loan is fully paid, the stipulated rate being permitted by the Act of June 17, 1915, P. L. 1012.

We quote from Judge Cummins in that case as follows:

"That to allow the collection of such a usurious rate of interest (42 percent per annum) from the poor and those in distress in our Commonwealth is unconscionable, as contended by defendant's counsel, is gladly conceded, but the court's hands are tied by the Act of June 17, 1915, P. L. 1012, which act authorized the collection of such a rate of interest . . . so that any appeal for relief from such a pernicious practice must be made not to the court, but to the conscience of our legislature."

The parties to this transaction made their own contract and are bound by it. The law authorizes it and we are helpless to interfere until such time as the legislature makes a change in the law. Accordingly,

Rule to show cause why judgment should not be opened is discharged.